## TEXAS & PACIFIC RAILWAY COMPANY v. MARY ROBINSON.

### No. 215.

1. **Charge of Court — Requested Instructions.** — The court's general charge had instructed as to contributory negligence on the part of plaintiff's deceased husband, who, while intoxicated and on the railway track, was struck by an engine. The defendant requested the court " to instruct the jury upon the issues of deceased's contributory negligence, and also his having been intoxicated when he was killed." *Held*, that the request, neither stating nor suggesting a proposition of law. was properly ignored.

2. **Contributory Negligence — Rule of Discovered Negligence.** — See the opinion for a statement of the rule of discovered negligence, as applicable to the case of an intoxicated trespasser on a railway track.

3. **Same—Case Stated.**—The engineer testified, that when he saw R. walking on the track, he blew the whistle in ample time for him to have gotten off; that he then noticed something peculiar in R.'s manner, but supposing he would clear the track, and because the heavy train could not have been stopped in that distance, he made no effort to check it. R. was struck on the side just as he was about to clear the track. *Held*, that the failure to make any effort to check the train was negligence, for which the defendant company was liable.

APPEAL from Parker. Tried below before Hon. J. W. PATTERSON.

*B. G. Bidwell*, for appellant.—1. The court erred in refusing defendant's special request to charge on the contributory negligence of the deceased, Robinson, in going on defendant's track drunk. Railway v. Sympkins, 54 Texas, 615; Railway v. Evans, 71 Texas, 368; 31 Am. and Eng. Ry. Cases, 54, and note; Beach on Cont. Neg., sec. 306.

2. The request of appellant for a charge on an issue is sufficient, and a charge need not be tendered. Kirby v. Estill, 75 Texas, 484; The State v. Bender, 68 Texas, 676; Railway v. Hodges, 76 Texas, 90.

3. The court erred in the first paragraph of its charge, in charging the duty of the agents of defendant in charge of the train which ran over and killed George C. Robinson after they discovered Robinson's danger,

because there is no evidence·in the case that in any way shows or tends to show that the engineer could have stopped the train in time to prevent striking said Robinson. Railway v. Tierney, 72 Texas, 312; Railway v. Platzer, 73 Texas, 117; Wooten v. Kaufman & Runge, 73 Texas, 395.

4. The act of George C. Robinson in going on and walking along the railway track, meeting its train in open day at the place where he was killed, was such contributory negligence as prevents recovery in this case. Hughes v. Railway, 67 Texas, 595; 52 Texas, 178; 75 Texas, 583; 77 Texas, 179; 59 Texas, 73, 373; 62 Texas, 252; 70 Texas, 56; 73 Texas, 191; 74 Texas, 364; 31 Am. and Eng. Ry. Cases, 443; 45 Am. and Eng. Ry. Cases, 28.

*Lanham, Stephens & Moseley*, for appellee.—1. No further charge on the subject of contributory negligence was required. Railway v. Weiser, 65 Texas, 443; Railway v. Hanks, 78 Texas, 300; Bish. on Non-Con. Law, secs. 1035–1037.

2. No proposition of law was suggested, stated, or attempted to be stated in appellant's request for a charge on intoxication. Railway v. Wright, 62 Texas, 515; Johnson v. Granger, 51 Texas, 42.

3. The doctrine of discovered negligence upon which appellee rested her case practically eliminated the issue of contributory negligence. Railway v. Hanks, 78 Texas, 300.

4. While the evidence tended to show that the engineer could not have entirely stopped the train before it struck deceased, it does not show that he could not have so diminished its speed as to save the man's life had an effort been made in that direction; and this was the issue submitted to the jury. Railway v. Weiser, 65 Texas, 443; Railway v. Hanks, 78 Texas, 300.

5. The error in the charge complained of in defining negligence is harmless, because it is apparent that it is a mere clerical error, and could not have misled he jury; it was not excepted to at the time, and was not called to the attention of the court in a motion for a new trial, and it should be presumed that the correct definition was read to the jury. Railway v. Wright, 62 Texas, 515; 2 Willson's C. C., sec. 703; Gallagher v. Bowie, 66 Texas, 265; Johnson v. Granger, 51 Texas, 42; 65 Texas, 118; 40 Texas, 434.

TARLTON, Chief Justice.—This appeal is prosecuted from a judgment recovered by the appellee for herself and her minor son, R. R. Robinson, as damages on account of the killing of her husband, George C. Robinson, by a freight train of appellant, on October 3, 1890.

At the time of the killing, George C. Robinson was intoxicated, though not entirely or helplessly drunk. When he was struck by appellant's locomotive, he was seeking to leave the track, which at this place was on

an embankment about eight feet high. The circumstances immediately surrounding the occurrence are detailed by the appellant's engineer substantially as follows:

"About 6:25 o'clock p. m., and one and a quarter miles west of Millsap, in Parker County, the company's freight train, consisting of sixteen cars, partly loaded, was going west. Robinson was walking east when he was struck by the engine and knocked from the track, the train running about eighteen or twenty miles an hour.   *   *   *   He was 900 feet distant from the train when I first saw him. He was killed on a curve of the track which bent to the left, and as I started on the curve, before seeing him, I sounded the whistle four times, as is the usual signal on approaching curves.   *   *   *   When I first saw him, I supposed he had heard the blasts of the whistle already sounded for the curve, and as he was walking facing me, I presumed that he saw the train approaching and would get off the track.

"I did not discover that there was anything unusual in the manner of the man until I was within 200 feet of him, when I again sounded the whistle several times in quick succession, and Robinson made a start to the left of the track as if to get off, and I supposed he had gotten off the track. I had not seen him when I sounded the whistle for the curve, but sounded the whistle as the usual signal for approaching curves. After I was on the curve, I saw the man, but as he was only distant about 900 feet, and walking facing the train, I presumed he had heard the first whistle; but after I was within about 200 feet of him, I noticed there was something unusual in his manner, and sounded the whistle again, and he made a slight and slow move to the left of the track, which I took to be an effort to get off the track. He made the motion to the left about the time I sounded the whistle the second time. It could not have been more than a few seconds before he was killed.

"I did not make any effort to stop the train after I saw Robinson on the track, because we were going down grade with a heavy train, and it was impossible to stop the train in the short distance after I had discovered that there was something unusual in the man's conduct. After he was struck, the train ran about one-half mile before we could bring it to a halt."

There was evidence tending to contradict the statement of the engineer to the effect that he had blown the whistle on reaching the curve. From the location of the injuries, upon the right side of the deceased, his right hip, legs, and body being bruised and mutilated, and his neck broken, the inference is justifiable that a very brief space more of time would have sufficed for him to get off the track.

A conductor and two brakemen were on the train at the time of the occurrence, the first of whom, at least, was very near a brake, but having no signal to that effect, the inference is that he made no attempt to use it.

We insert the following portions of the court's charge as pertinent to the questions raised by the appellant's assignments of error:

" 1. If you [the jury] find from the evidence in this cause that the said George C. Robinson was on the defendant's railway track, and if you believe that while he was on said track there came along one of defendant's freight trains; and if you believe that said Robinson was then in danger, and if you believe the agents and servants of the defendant in charge of its said train were aware of the danger the said Robinson was in; and if you believe that after becoming so aware of his said danger, they had it within their power, by ordinary care and diligence on their part, to prevent injury to or the killing of said Robinson; and if you believe that said agents in charge of said train, after becoming aware of said danger, and having the power to prevent injury, carelessly and negligently ran said steam engine and train against said George C. Robinson, and thereby killed him; and if you believe the plaintiff is the surviving widow of the said George C. Robinson, and that the said Robert R. Robinson is his only surviving child, and that the parents of the said George C. Robinson were then dead, you will find for the plaintiff and the said Robert R. Robinson the damages, if any, they sustained by said killing.    *    *    *

" 2. A railway company, like an individual owner of land, owes no duty of carefulness to persons coming on its track purely as trespassers, and it is not answerable for injuries casually resulting to them; yet if those running a train discover a trespasser in danger, they must use all reasonable exertions to prevent the impending harm, and if they fail to use such reasonable exertions to prevent injury, the railway would be responsible.

" 3. The defendant has a right to a clear track, and no one can lawfully obstruct the passage of its cars over its track, except at a crossing or in a town, city, or village.    If the said Robinson went on the track and used it as a passway to walk on at a place not a crossing, or in a town, city, or village, he was a trespasser, and the defendant owed him no duty except to use ordinary care and prudence not to injure him after the engineer first discovered that the said Robinson would probably not get off the track.

" 4. If you find that the said Robinson was walking on the defendant's track, as before stated in this charge, and being so there, contributed to his injury, plaintiff can not recover, unless you further find that after the agents of defendant discovered the danger, they could by ordinary care have prevented the injury. If you find from the evidence, that when the engineer in charge of the train discovered that the said Robinson would probably not get off the track, he could not by the use of ordinary care have prevented the injury, then the defendant would not be liable. If, therefore, you find that by any ordinary effort the engineer might have used to stop or lessen the speed of the train would have been in-

effectual, the fact (if it be a fact) that he did not make such effort, is immaterial. The engineer operating the engine had a right to presume Robinson would get off the track out of danger, and was not required to do anything except to give the ordinary warning of an approaching train by sounding the whistle, until said engineer saw that he would probably. not get off. Negligence is doing something that a reasonably prudent man would not do under the circumstances, or in doing something that a reasonably prudent man would do under the circumstances.

" It devolves upon the plaintiff to establish by a preponderance of evidence the facts entitling them to recover."  \*   \*   \*

*Opinion.*—Appellant first complains that the court erred in refusing its special request, " to instruct the jury upon the issues of deceased's contributory negligence, and also his having been intoxicated when he was killed."

We understand the rule to be, that when the court's general charge is in any respect or on any issue defective, it is the duty of the complaining party to present a special instruction curing the defect. Gallagher v. Bowie, 66 Texas, 265; Johnson v. Granger, 51 Texas, 42; Cockrill v. Cox, 65 Texas, 669.

A distinction exists between an instruction formulated and presented on a given issue, and a request in general terms that a charge be given on that issue. The request, in this instance, neither states nor suggests a proposition of law with reference to either of the issues named. Such a request we do not think the court was required to heed.

It is apparent that the appellee's case rests upon the doctrine of discovered negligence. According to this doctrine, as we understand it, if a person, whether drunk or sober, negligently incurs danger from a passing train, he is by such negligence precluded from recovery, unless, after the danger is discovered, the operator of the train fails to use ordinary care to avoid injuring him, and injury consequently results. " If, after the impending danger becomes known to the defendant, he should then fail to use such ordinary care as would have prevented the injury, and the same results as a consequence thereof, then another principle of law (than contributory negligence) governs, and the defendant would be liable; and this liability would be increased if under such circumstances the injury was inflicted willfully and wantonly, in a manner showing a reckless disregard of life or property." Railway v. Smith, 52 Texas, 178; Railway v. Weiser, 65 Texas, 443; Railway v. Hanks, 78 Texas, 300; Beach on Con. Neg., sec. 395; Rozwadowsfskie v. Railway, 1 Texas Civ. App., 493.

We are unable to concur with appellant's counsel, that the evidence fails to show a failure on the part of the engineer to exert ordinary care to prevent the injury in this instance.

We think that from the evidence the jury were authorized to conclude, that if the engineer, in compliance with the suggestions of reasonable prudence, had sought, after he discovered the danger of Robinson, to lessen the speed of the engine, he would probably have so retarded its movements as that the deceased would have escaped from the track. But such an attempt the engineer did not make, and hence the legitimate inference of negligence.

There is palpable error in the court's definition of negligence, obviously due to a clerical omission in the concluding clause thereof. This error, however, was, we think, rendered harmless by the remaining clauses of the court's charge, which we have quoted, and which, on the issues presented by this record, quite fully and accurately applied the principles of the law to the facts in evidence. The error must be regarded as immaterial. Railway v. Wright, 62 Texas, 515.

These remarks cover the appellant's several assignments of error, and they lead to an affirmance of the judgment, which is accordingly ordered.

*Affirmed.*

Delivered September 20, 1893.

A motion for rehearing was denied.

Justice STEPHENS did not sit in this case.