THE TEXAS & PACIFIC RAILWAY COMPANY v. MARY C. MOTHER ET AL.

No. 273.

1. **Railway Company—Brakeman Ejecting Trespasser.**—Where a trespasser improperly expelled from a train by a brakeman seeks to hold the company liable therefor, he must show that the acts of the brakeman were within the scope of the authority in fact conferred on him by the company, since the duty of expelling trespassers is, prima facie, the business of the conductor.

2. **Same — Extent and Execution of Brakeman's Authority.** — Where a brakeman has authority to order trespassers from the train, though not to actually put them off, the company will be liable for the terms and manner in which the order is given, and for the death of a boy thereby frightened into jumping from a moving train.

3. **Same—Implied Authority—Proof of Custom.**—No express authority was shown from the company authorizing brakemen to order trespassers from its trains, but it was in evidence that this was a common practice, and no witness was offered to show that the company was not fully aware of such practice. *Held*, that the evidence justified a finding by the jury that such authority existed in fact, and the company was liable for its improper exercise.

4. **Same — Duty to Trespasser — Liability for Injury.**—A railway company is liable if it uses unnecessary violence in expelling a trespasser from its cars, or compels him to leave while the train is in motion, by reason of which he is injured.

5. **Same—Charge of Court—" Dangerous."**—A charge to the effect that the company would be liable for injury to a trespasser if he was compelled by a brakeman to leave the train " at a time and under circumstances rendering. it dangerous to do so," held sufficient against an objection that it authorized a finding without reference to the degree of the danger.

6. **Same—Contributory Negligence—Discretion of Minor.**—In a suit for the death of a trespasser, a boy 17 years of age, caused by his attempt to leave the train while in motion, at the command of a brakeman, it is proper to charge that the question of his contributory negligence depends on whether a person of ordinary prudence similarly circumstanced and of his age and discretion, would have made the attempt.

APPEAL from Denton.   Tried below before Hon. D. E. BARRETT.

*R. C. Foster* and *A. E. Wilkinson*, for appellant.— 1.   There is no presumption that a brakeman on a freight train has authority to eject trespassers therefrom, and unless his authority is shown the company will not be held liable for his wrongful act.   Railway v. Anderson, 82 Texas, 516; Railway v. Kirkbride, 79 Texas, 458; Railway v. Donahoe, 56 Texas, 164;  Railway v. Gorbett, 49 Texas, 581;  Railway v. Casey, 52 Texas, 121;  Wood's Ry. Law, sec. 316; Sherman v. Railway, 72 Mo., 63; Marion v. Railway, 13 N. W. Rep., 415;  59 Iowa, 428;  Snyder v. Railway, 60 Mo., 413;  Coal Company v. Heeman, 86 Pa. St., 418;  Stringer v. Railway, 96 Mo., 299;  Williams v. Pullman Company, 33 Am. and Eng. Ry. Cases, 407.

2. Defendant owed no duty to deceased, a trespasser on its trains, to exercise ordinary care for his safety, and was only liable for intentional injury, or gross negligence, which would be equivalent thereto, or would evidence a conscious indifference to his safety.   Handley v. Railway, 3 Texas Law Rev., 308; Railway v. Campbell, 76 Texas, 174; Railway v. Richards, 59 Texas, 377; Prince v. Railway, 64 Texas, 146; Railway v. Cocke, 64 Texas, 157; Cool. on Torts, 660; Whitt. Smith on Neg., 390; Hutch. on Carr., sec. 555; Railway v. Beggs, 85 Ill., 80; Railway v. Michie, 83 Ill., 427; Railway v. Brooks, 81 Ill., 245; Hendrix v. Railway, 45 Kans., 377; Duff v. Railway, 2 Am. and Eng. Ry. Cases, 115; Darwin v. Railway, 23 S. C., 531; Railway v. Ledbetter, 45 Ark., 246; Wallace v. Cannon, 38 Ga., 199.

3. The court erred in so charging that the act of defendant's brakeman in ordering deceased to leave the train is assumed to be and treated as negligence in law, if it was at all dangerous to leave it under the circumstances, without reference to the degree of danger or the attending circumstances, or whether or not the train was then at rest or in motion; and the question of negligence of such act is not left to the jury as a question of fact, but the act treated as negligence in law.   Railway v. Murphy, 46 Texas, 336; Railway v. Randall, 50 Texas, 259; Railway v. Miller, 51 Texas, 275; Railway v. Hill, 71 Texas, 458; Railway v. Robinson, 73 Texas, 284; Campbell v. Trimble, 75 Texas, 271.

4. The court erred in its charge, in that thereby the burden of proving that defendant used reasonable care is thrown on defendant, while the jury are nowhere required to find defendant's conduct to be negligent in order to hold it responsible.   Railway v. Burns, 71 Texas, 481.

5. The court erred in its instruction relating to the issue of deceased's contributory negligence, in making the same depend on the discretion of deceased, he being shown to be an intelligent person 17 years of age, and not requiring him to exercise such discretion as a person of ordinary discretion, or even one of ordinary discretion for his years, would have exercised under the circumstances.   Cook v. Navigation Co., 76 Texas, 358; Nagle v. Railway, 88 Pa. St., 35.

*A. C. Owsley*, *W. O. Davis*, and *J. L. Harris*, for appellees.—1. Whether it was within the scope of the brakeman's authority to command the deceased, in a violent and threatening manner, to leave the train (in the attempt to do which he was killed), was a question of fact to be found by the jury from all the evidence, and might be inferred by them from the authority which brakemen were shown to commonly exercise, and it was not necessary to establish such authority by positive and direct evidence of an express order.   Railway v. Kirkbride, 79 Texas, 158; 2 Patt. Ry. Acc. Law, 105.

2. While the first charge requested by the company may embody a

correct principle of law, it is so framed and so marshals the company's evidence, and gives such prominence to isolated facts, as to show a bias in the defendant's favor, and is calculated to excite prejudice against plaintiffs, and on this ground was correctly refused, especially as the court had already fully charged on the same subject. Randall v. Gill, 77 Texas, 351; Railway v. Kutac, 76 Texas, 474; Medlin v. Wilkins, 60 Texas, 409; Altgelt v. Brister, 57 Texas, 432.

3. While railway companies owe a trespasser no duty, and are not compelled to anticipate his trespass, and are only bound for such gross negligence as indicates wantonness, yet when they actually find the trespasser on their tracks or about their cars, and undertake to remove him, the laws of humanity step in and command them, in favorem vitæ, to exercise reasonable care.   Rev. Stats., art. 2899; Oil Co. v. Morton, 70 Texas, 400; Railway v. Hanks, 78 Texas, 300; Railway v. Garcia, 75 Texas, 583; Railway v. McDonald, 75 Texas, 41; 2 Patt. Ry. Acc. Law, sec. 198; Carter v. Railway, 8 Am. and Eng. Ry. Cases, 347.

4. The court having in plain terms instructed that the burden of proof was on the plaintiffs, and that plaintiffs' right to recover depended upon their showing that the brakeman was guilty of compelling the deceased, by an exhibition of force and threatening language reasonably calculated to that end, to leave the car at a time and under circumstances that rendered it dangerous to do so—the equivalent of a want of ordinary care—cures the error, if any, in the first paragraph, as all the charges must be construed together.   Moore v. Moore, 73 Texas, 382; Railway v. Wright, 62 Texas, 515.

5. As a matter of law, one does not attain the age of full discretion and responsibility until he becomes 21 years of age, and prior to that time he is held to the exercise of care and discretion according to his own age and maturity, and not according to the discretion of an ideal person of such age.   Railway v. Simpson, 60 Texas, 103; Williams v. Railway, 60 Texas, 205; Avey v. Railway, 16 S. W. Rep., 1015, and 17 S. W. Rep., 31; Patt. Ry. Acc. Law, sec. 72 et seq.; Pierce on Rys., 332; Hutch. on Carr., 2 ed., sec. 666a; Haycraft v. Railway, 64 N. Y., 636; Railway v. Young, 42 Am. and Eng. Ry. Cases, 135.

HEAD, ASSOCIATE JUSTICE.—On June 29, 1890, Joseph C. Mother, a youth about 17 years of age, was a trespasser upon one of defendant's freight trains, attempting to ride thereon without paying his fare, by concealing himself in one of the cars, in known violation of the rules of the company.   At Pilot Point, one of the brakemen on said train, in the employ of defendant, by abusive and threatening language and gestures, caused Mother to attempt to leave the car he was in while in motion, by crawling through a small window, called a "cuddy hole," in the end thereof near the top, in doing which he fell, and was run over by the car

and killed. The brakeman had no express authority, either from the company or the conductor in charge of the train, to put trespassers off the cars if they refused to obey his orders; but the evidence is sufficient to sustain the finding that it was within the scope of his authority to order them off, and if they refused to obey, he should report to the conductor, who would use the necessary force.

Appellees prosecute this suit to recover damages sustained by them as parents of said Mother, by his death, caused as above set forth; and in the court below were given judgment for $2700, from which this appeal is taken.

*Opinion.*—It has been several times decided in this State, that the court has no right to charge the jury that a brakeman has either express or implied authority to eject trespassers from the train upon which he is employed, this being prima facie the business of the conductor. Railway v. Anderson, 82 Texas, 516; Railway v. Armstrong, 23 S. W. Rep., 236.

It has not, however, been intimated that the company could not, as a matter of fact, confer this authority upon its brakemen, should it see proper to do so. If, then, one wrongfully thereon be injured by being improperly expelled from the cars by a brakeman, and seeks to hold the company liable therefor, it devolves upon him to show that the acts of the brakeman were within the scope of the authority in fact conferred upon him. Railway v. Kirkbride, 79 Texas, 457.

As to what will be sufficient evidence of such authority and its extent, no definite rule can be prescribed, and each case must depend upon its own facts. Mr. Wood, in his work on the Law of Master and Servant, page 584, says:

"While the nature of the employment, and the means and method usually employed in its prosecution, are legitimate subjects to consider in determining whether an act of the servant is within the scope of his employment, yet they are by no means decisive; and an act that is unusual, extraordinary, uncommon, entirely novel even, may as equally be within the range of his implied authority as the former. No decisive test can be given, but in all cases the act must have been done while in the prosecution of some business for the master, and that business must have been such as the servant had authority from the master to do. That is, he must have been authorized, either expressly or impliedly, to do the act in some manner which he has improperly or wrongfully performed; and the fact that he was only authorized to do the act in a certain way does not save the master from liability. If he was authorized to do the act at all, the master is liable for the consequences of his doing it in a different manner, if the mode adopted by him is so far incident to the employment that it comes within its scope; for having given the servant *any* authority in the premises, he alone must suffer for its abuse. He has set the wrong

in motion, and must abide the consequences as against innocent parties. In all cases the question as to whether the act was authorized is one for the jury, in view of all the circumstances, and unless there is an *entire absence of authority*, the master will be held chargeable. The question is, whether there is any authority at all." Also, see Pierce on Rys., 277; Echols v. Dodd, 20 Texas, 191.

In this case no actual violence was used by the brakeman in compelling young Mother to leave the car, but the latter yielded to abusive language, threatening gestures, and threats of arrest upon arrival in Fort Worth; and if it be conceded that this is sufficient to render appellant liable, the question will be, not whether the brakeman had authority to use physical force in expelling trespassers from the cars, but did he have authority to use words; that is, was it within the scope of his authority to *order* trespassers from the train about which he was employed? If so, appellant must be held liable for the terms in which the order is given. That words of the kind used in this instance are sufficient, seems to be settled by the Kirkbride case, cited above from 79 Texas.

The question then recurs, did the brakeman in question have express or implied authority to order trespassers from appellant's cars? The conductor in charge of this train, as a witness for appellant, testified: "The Texas & Pacific Railway Company had given no orders nor authority to its brakemen to eject trespassers from its cars or trains. It is common for brakemen finding trespassers on the train to tell them to get off, but they have no orders to put them off, nor is it any part of their duty to put them off if they refuse to go. The brakeman's duty, if a trespasser refuses to go, would be to report the matter to the conductor, so that he might take the proper action in regard to ejecting him."

The brakeman who gave the orders in this case, also a witness for appellant, testified: "It is usual for brakemen to put trespassers off the train when they find them there. It is customary for them to do so on every railway I ever worked on. It is general practice among railway brakemen to put trespassers off the trains. I considered that I was discharging my duty to the railway company in ordering the boys off the train."

As stated in the findings of fact, no express authority was shown from the company to its brakemen in the premises, but no witness was introduced to show that it was not fully aware of the common practice for them to give these orders, nor was the testimony of these witnesses in any manner contradicted or called in question. Under the circumstances, we think the evidence not only sufficient to justify the submission of the question of authority to the jury, but also sufficient to sustain their finding that it in fact existed.

In fact, had not our Supreme Court already decided otherwise, we would have felt very much disposed to agree with the New York court,

in Hoffman v. Railway, 4 American and English Railway Cases, 537, in holding, that the practice for brakemen to expel trespasses from railway cars is so general that they should be held to have implied authority to do so, in the absence of a showing to the contrary. We therefore hold appellant's first, second, third, and fourth assignments of error not well taken.

Appellant is liable in this case, if at all, not for the breach of any duty it owed to one rightfully upon its cars, but for the breach of that duty which every one owes to another, even to trespassers, to avoid inflicting unnecessary injury. In Hutchinson on Carriers, section 553, the distinction is shown in the following language: "The carrier is not under the same degree of obligation as to care and diligence to guard against injuries to strangers as he is in case of those against passengers. His duty to the former is governed by the general principle of law, that every one is obliged, upon considerations of humanity and justice, to conform his conduct to the rights of others, and in the prosecution of his lawful business to use every reasonable precaution to avoid their injury."

The contributory negligence of a trespasser in being wrongfully upon the cars would relieve the company from liability for negligence in failing to discover him in a perilous position; but after he is discovered, it would be required to use that reasonable care it owes, from considerations of humanity, to every one to avoid inflicting personal injury upon him. Railway v. Robinson, 4 Texas Civ. App., 121. Upon these grounds it has very generally been held, that the company is liable if it uses unnecessary violence in expelling a trespasser from its cars, or compels him to leave while the train is in motion, by reason of which he is injured. Patt. Ry. Acc. Law, sec. 198, and authorities there cited; Kirkbride's case, supra.

We are therefore of opinion that the question in this case was not one of gross negligence, such as would have been necessary to render appellant liable for failing to discover and provide against injury to a trespasser in the conduct of its business, but the question was, what degree of care was required of it, after the trespasser had been discovered, in expelling him from its premises; and under such circumstances, we think it was bound to afford him an opportunity to leave the car without exposing him to unnecessary danger. Appellant's fifth, sixth, and seventh assignments are therefore held to be not sustainable.

The court instructed the jury in the second paragraph of its charge as follows:

"If you find and believe from the evidence that the defendant's servant and employe, A. H. Barnes, acting within the scope of his authority, by an exhibition of force and by threatening language such as would reasonably alarm one of the age and maturity of said Joseph C. Mother, compelled said Mother, through the influence of fear, to attempt to leave

said cars at a time and under circumstances rendering it dangerous to do so, and if in his attempt to leave said cars, the said Mother exercised reasonable care for his own safety under all the circumstances surrounding him, and was killed in said attempt, then, if you further find that plaintiffs are the parents of said Joseph C. Mother, and have suffered any damage on account of his death, you will find for them the amount of damages so suffered.

"But upon the other hand, if you find that said Barnes was not acting within the scope of his authority in ordering said Mother to leave said cars, and if he had not been authorized by the defendant company or the conductor of said train of cars so to do, then the defendant could not be held liable for any injury to said Mother occasioned by the acts of said Barnes. Or if you find that in attempting to leave the said cars the said Mother failed to exercise due and reasonable care for his own safety, and if his failure to exercise such care contributed to his injury, then you will find for defendant. Or if, notwithstanding the words and acts of said Barnes, a person of ordinary prudence, similarly situated and circumstanced as said Mother was, and of his age and discretion, would not have attempted to leave said car at the time and under the circumstances that he did, then you will find for the defendant, notwithstanding that you may believe that the defendant or its employes were guilty of negligence."

Appellant complains of this charge, upon the ground that the jury was thereby authorized to find against it, without reference to the degree of danger, or whether the train was at rest or in motion, and that the question of negligence was therein treated as one of law, instead of fact for the decision of the jury.

The word "dangerous," at which the complaint seems to be directed, is defined by Mr. Webster as follows: "Attended or beset with danger; full of risk; perilous; hazardous; unsafe." The charge very clearly left the jury to decide as to whether Mother was compelled to leave the car under such circumstances as to make it "dangerous" as thus defined, and if their finding be sustained by the evidence, we are of opinion the company would be liable, whether the car was standing still or in motion.

We believe, however, the jury must have found from the evidence that he was ordered to leave while the car was in motion. A number of disinterested witnesses testify to this, and the brakeman only contends the order was given a few seconds before the car started. There is no conflict in the evidence as to the brakeman's knowledge of the manner in which deceased was required to leave the car (through the "cuddy hole"), and under such circumstances we are not prepared to hold that it was necessary for its servant's act to have been *grossly* improper to render appellant liable. Railway v. Robinson, supra.

We do not think the first paragraph of the court's charge subject to

the objection that it placed the burden of proof on defendant to show that it used reasonable care. The charge, as a whole, very clearly and fully placed the burden on plaintiffs to prove the necessary facts before they would be authorized to recover; and the charge complained of was only an affirmative instruction, if they found the facts as therein stated, to return a verdict in favor of the defendant, which was strictly proper; but they were also instructed to find in favor of defendant if they failed to find the necessary facts authorizing a recovery by plaintiffs.

We do not think the court erred in refusing to charge the jury at request of appellant, that "if the deceased was ordered by the brakeman to leave the train, but at a time when the train was standing still, this would not render the defendant liable, if the death of deceased was caused by his attempting to leave the train in obedience to this command after the brakeman had left and the train had been put in motion." We think this charge would have been objectionable as being upon the weight of the evidence, and also that the issue was sufficiently presented in the latter part of the second paragraph of the charge given the jury, copied at length above.

Appellant's eleventh assignment is as follows: "The court erred in the seventh paragraph of its instructions to the jury in the portion relating to the issue of deceased's contributory negligence, in making the same depend on the discretion of deceased, he being shown to be an intelligent person 17 years of age, and not requiring him to exercise such discretion as a person of ordinary discretion, or even one of ordinary discretion for his years, would have exercised under the circumstances."

The part of the charge particularly referred to is as follows: "Or if, notwithstanding the words and acts of said Barnes, a person of ordinary prudence, similarly situated and circumstanced as said Mother was, *and of his age and discretion*, would not have attempted to leave the said car at the time and under the circumstances that he did, then you will find for defendant."

We find no objection to this charge. It seems to be couched in language quite similar to that which has been frequently approved in this State. Cook v. Navigation Co., 76 Texas, 353; Evansich v. Railway, 57 Texas, 126; Railway v. Simpson, 60 Texas, 103.

We have examined the statement of facts with considerable care, and while we dislike to affirm a verdict in favor of the representatives of a persistent wrongdoer, as Mother unquestionably was in this case, we can not escape the conclusion that the evidence fully authorized the jury to find, as they must have found, that this boy or young man was required to leave appellant's car, by its servant acting within the scope of his authority, under circumstances which manifestly subjected him to great danger, and which in fact caused the loss of his life; and to hold that appellant can not be made liable under such circumstances, even to a tres-

passer, would be to extend to it an exemption inconsistent with principles of sound public policy.    We therefore believe the court did not err in overruling appellant's motion for a new trial, upon the ground of the insufficiency of the evidence to support the verdict.

The judgment of the court below will be in all things affirmed.

*Affirmed.*

Delivered November 29, 1893.

A motion for rehearing was denied.