TEXAS & NEW ORLEANS RAILROAD COMPANY v. ALFRED BUCH, BY NEXT FRIEND.

No. 1755.   Decided December 11, 1907.

**Negligence—Charge—Ordering Trespasser off Car.**

An instruction is erroneous which directs a recovery for injuries to a boy riding on the side ladder of a freight car while in motion, if caused by the act of a brakeman authorized to expel trespassers, in compelling him by threats to leap from the car; the question of negligence should have been left to the jury. (Pp. 201, 202.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Harris County.

Buch sued the railway company and recovered judgment, which was affirmed on defendant's appeal.   The company thereupon obtained writ of error.

*Baker, Botts, Parker & Garwood* and *Lane, Jackson, Kelley & Wolters,* for plaintiff in error.—Under the undisputed evidence in the case, the switchman had no authority to eject trespassers from cars of defendant, and the defendant would not be liable for his alleged conduct in attempting to eject plaintiff from its cars.   Texas & P. Ry. Co. v. Black, 87 Texas, 164; International & G. N. Ry. Co. v. Anderson, 82 Texas, 518; International & G. N. Ry. Co. v. Cooper, 88 Texas, 610; International & G. N. Ry. Co. v. Yarbrough, 39 S. W. Rep., 1096; Shearman and Redfield on Negligence, sec. 148; Wood on Master and Servant, 524, 525.

The question of negligence is an issue of fact.   Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 56; International & G. N. Ry. Co. v. Gray, 65 Texas, 36; Texas & Pac. Ry. Co. v. Murphy, 46 Texas, 367; Texas & Pac. Ry. Co. v. Hill, 71 Texas, 459; Houston & G. N. Ry. Co. v. Parker, 50 Texas, 345; Dillingham v. Parker, 80 Texas, 574; Houston & T. C. Ry. Co. v. Hodde, 42 Texas, 470; Walker v. Herron, 22 Texas, 61.

There being no implied authority in the brakeman to eject trespassers, nor evidence of express authority to do so, it is error to submit the issue to the jury.   Missouri Pac. Ry. Co. v. Platzer, 73 Texas, 121; Texas & Pac. Ry. Co. v. Wisenor, 66 Texas, 675; Houston & T. C. Ry. Co. v. Gilmore, 62 Texas, 392; Gulf, C. & S. F. Ry. Co. v. Blohn, 73 Texas, 637; Galveston, H. & S. A. Ry. Co. v. Faber, 63 Texas, 344; Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 83; Texas & Pac. Ry. Co. v. McCoy, 90 Texas, 266.

A suspicion of contributory negligence is developed by the testimony introduced on behalf of plaintiff himself and it was error for the trial judge to authorize recovery without submitting the issue of contributory negligence.  Gulf, C. & S. F. Ry. Co. v. Allbright, 7 Texas Civ. App., 24; St. Louis, S. W. Ry. Co. v. Casseday, 92 Texas, 527; Dallas & W. Ry. Co. v. Spicker, 61 Texas, 427; Missouri Pac. Ry. Co. v. Foreman, 73 Texas, 314; Wharton on Negligence, p. 426.

*Lovejoy & Parker,* for defendant in error.  If a duly authorized switchman "used violence and threatening language to such an extent that he put the said plaintiff in fear of bodily injury, and through such fear the said Alfred Buch let go of the round of the said ladder and fell from the said car, or attempted to jump from the said car, and was injured in the manner set forth in the plaintiff's petition in this case," there can be no doubt that such acts gave defendant in error a right of action, and especially when it is considered that he was a minor of tender age.  Gulf, C. & S. F. Ry. Co. v. Kirkbride, 79 Texas, 459; Texas & P. Ry. Co. v. Mother, 5 Texas, Civ. App., 90.

Mr. Chief Justice Gaines delivered the opinion of the court.

The appellee, a boy ten years of age, sued by next friend to recover for personal injuries alleged to have been caused by the negligence of the servants of the defendant company and obtained a verdict and judgment.  This judgment was affirmed by the Court of Civil Appeals.

The facts as found by the jury and approved by the Court of Civil Appeals as being sustained by sufficient evidence are, that the plaintiff, as was his habit and that of other boys, ascended the ladder upon a freight car of the company which was attached to a train in motion for the purpose of riding from one point to another in the city of Houston; that being discovered by a switchman, he was ordered and compelled, by threats at least, to get off, and that upon dismounting he was run over by that train or by another train on an adjacent track and thereby injured.

Among other things the court charged the jury as follows: "If you believe, from a preponderance of the evidence, that the plaintiff, Alfred Buch, was riding upon the defendant's cars and hanging on to a ladder at the side of the said car, and whilst the same was in motion the brakeman of the defendant used violent and threatening language to such an extent that he put the said plaintiff in fear of bodily injury, and through such fear the said Alfred Buch let go of the round of the said ladder and fell from the said car, or attempted to jump from the said car, and was injured in the manner set forth in the plaintiff's petition in this case, and if you believe from the evidence that the said brakeman was authorized by the defendant, the Texas & New Orleans Railway Company, to perform the duties that he did perform, and to expel trespassers on the said car from riding thereon, and you believe from the evidence that the act of the said brakeman was the proximate cause of the injury to

the plaintiff, Alfred Buch, then you will find for the plaintiff as hereinafter directed, unless you find for the defendant under the following portions of this charge." The instruction assumes that if the switchman was guilty of the acts therein detailed he was guilty of negligence, and is therefore erroneous. It is rare that the conduct of one is so obviously negligent that the court is justified in so declaring it as a matter of law; and we think that the action of the brakeman in this case can not be so declared. Whether under the circumstances of this case a man of ordinary prudence would have caused the plaintiff to leave the car is one of fact that should have been left to the jury.

We have examined the other specifications of error assigned in the application for the writ and are of opinion that they were correctly disposed of by the Court of Civil Appeals.

For the error of the Court of Civil Appeals in assuming in the charge complained of that the conduct of the brakeman was negligent the judgment is reversed and the case remanded.

*Reversed and remanded.*