## ST. LOUIS, B. & M. RY. CO. v. SIMMONDS et al.

### No. 8842.

Court of Civil Appeals of Texas. San Antonio.

May 4, 1932.

Rehearing Denied June 1, 1932.

John C. North and R. B. King, both of Corpus Christi, for appellant.

Boone & Raymer and Allen V. Davis, all of Corpus Christi, for appellees.

FLY, C. J.

This suit originated in the justice's court, and was for damages arising from the death of a certain "gray horse mule" which had been shipped on the railway of appellant from Fort Worth to Driscol, Tex.

This case has become a cause célèbre in the jurisprudence of Texas. It originated in the justice's court, was appealed to the coun-

ty court, and then was appealed to this court, where the judgment was affirmed. 18 S.W. (2d) 845. An examination of the statutes of Texas might lead to the conclusion that in such cases the Courts of Civil Appeals have final jurisdiction, but such statutes are of small importance when construed by the Supreme Court. So a writ of error was applied for and granted and the justice's court case landed in the Supreme Court, where, after consideration for about a year, the judgment of this court was reversed and the cause remanded to the county court. 29 S.W.(2d) 989. The old gray mule, of the male persuasion, has become nearly as illustrious as the traditional' old gray mare in Alabama that came tearing out of the wilderness. The gray mule is dead, but his spirit, like Banquo's ghost, will not down and has meandered again to this court on its weary way, ultimately perhaps to the granite Capitol in Austin.

The cause was submitted to a jury on special issues. The jury found that the mule was delivered to appellant in Fort Worth, on March 24, 1924, in good condition, to be transported to Driscol, where he was delivered in bad condition, or, rather, "not in good condition." When the animal died is not shown by pleading, charge, or verdict, but he died, and the damages were assessed at $97.50. How this amount was obtained is not disclosed, but it was not obtained from the evidence.

The court evidently did not agree with the jury as to the damages, so it disregarded their finding and rendered judgment for $190, which with interest amounted to $275. The old gray mule's spirit "is still moving on." The action of the court in changing the verdict was not complained of in the lower court, for no motion for a new trial was filed therein.

It is sought to justify the action of the court in disregarding the finding of the jury on a vital issue by a law passed by the 42d Legislature (1931) c. 77, § 1 (Vernon's Ann. Civ. St. art. 2211), amending article 2211, Revised Statutes. That statute, revolutionary as it is, permits disregard of a jury's finding only upon motion and notice. The law does not permit the judge to set aside the finding of the jury and make one himself. If the amendment is constitutional, which we do not decide, all of its terms must be complied with in order to make it effective. The substitution of the conclusion of the judge for that of the jury was an arbitrary exercise of power which if sustained would eventually destroy the trial by jury. That action was fundamental error and will cause a reversal of the judgment.

The jury passed on all the issues, and this court is in a position to render such judgment as should have been rendered by the trial judge. It is, therefore, the order of this court that the judgment of the county court be reversed, and judgment here rendered that appellee recover of appellant the sum of $97.50, with 6 per cent. interest thereon from the time of rendition of the judgment below, and that appellee pay all costs of this appeal.