## KANSAS CITY, M. & O. RY. CO. v. TORRES.
### No. 1364—5940.

Commission of Appeals of Texas, Section B.
March 15, 1933.

Terry, Cavin & Mills, of Galveston, and Collins, Jackson & Snodgrass, of San Angelo, for plaintiff in error.

R. G. Hughes, J. W. Stovall, and B. W. Smith, all of San Angelo, for defendant in error.

RYAN, Judge.

Lorenzo M. Torres sued the Kansas City, Mexico & Orient Railway Company of Texas in damages for personal injuries alleged to have been sustained by him, as a result of being pushed off of a moving freight train of the railway company, by a brakeman in its employ and acting for and in its behalf and in the course of his employment, and while transacting the business of said railway company, as a direct and proximate result of which he fell from said train onto the track, was run over by the cars in said train, and injured in his left foot and leg, in consequence of which it became necessary to amputate said leg just below the knee.

In the course of the trial, over defendant's objection, the court permitted two witnesses, Thompson, a conductor, and Nesbitt, a brakeman, whose depositions had been taken, to testify with reference to the duties of brakemen and conductors in the removal of persons from trains, but after the plaintiff had rested, sustained a motion by defendant to exclude such testimony because it appears therefrom that said witnesses were referring to certain printed rules of the company, which rules are the best evidence and had not been introduced and no excuse shown for failure to produce the same—that such testimony so excluded, was hearsay, in the absence of such printed rules.

Thereupon, defendant railway company moved for an instructed verdict, which was given by the trial court, and judgment rendered accordingly.

The Court of Civil Appeals, on rehearing, reversed the judgment below and remanded the cause for a new trial. 35 S.W.(2d) 229.

The case turned on the question whether ejection of plaintiff, a trespasser, by defendant railway's brakeman, was within the brakeman's course of employment.

As said in Texas & P. Ry. Co. v. Mother, 5 Tex. Civ. App. 87, 24 S. W. 79, 80, no definite rule can be prescribed as to what will be sufficient authority of a brakeman in such a case and each case must depend upon its own facts, but in all cases the act must have been done in the prosecution of the master's business. "In all cases," said the court

"the question as to whether the act was authorized is one for the jury, in view of all the circumstances, and unless there is an entire absence of authority, the master will be held chargeable. The question is whether there is any authority at all." See, also, International & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902; Texas & P. Ry. Co. v. Black, 23 Tex. Civ. App. 119, 57 S. W. 330.

Practically the same character of testimony as that excluded seems to have been adduced without objection—at least none appears in the record—from other witnesses. Caudle, the conductor of the train in question, testified that he had "lots of experience with trespassers trying to ride on trains, and put them off."

Scott, a brakeman on said train, testified that he had seen "lots of trespassers riding on trains and I have ordered them to leave the train. Some of them do not get off but I generally see that they get off. I don't force him off, I just see that he gets off."

It was held in Houston & T. C. Ry. Co. v. Rutherford, 94 Tex. 518, 62 S. W. 1056, that a general allegation that a brakeman acted within the scope of his authority in expelling a trespasser is sufficient to admit evidence of a custom of conductors, known to its general officers, to delegate such authority to brakemen, in spite of written instructions to the contrary, on which the company relied to disprove such authority; and in Texas & N. O. R. R. Co. v. Buch (Tex. Civ. App.) 102 S. W. 124; Id., 101 Tex. 200, 105 S. W. 987, that testimony is admissible to prove that it was the custom of brakemen to put off trespassers, as a custom of the company's employees, though the company had a rule prohibiting any employee except the conductor to eject trespassers.

The case was tried on the theory that testimony of employees as to the practice and custom of brakemen in ejecting trespassers from trains was admissible to establish the allegation that the brakeman, in forcibly ejecting Torres, was acting in the course of his employment, irrespective of what the company's rules prescribed, and raised an issue of fact to be passed on by the jury.

The only question presented by the application for writ of error is one of admissibility of evidence. We think there is no conflict between the holdings of other Courts of Civil Appeals on facts existing in those cases and the holding by the Court of Civil Appeals in this case on the facts herein.

The writ of error was not granted on the ground of conflict, but on the question of admissibility of certain evidence, and therefore does not come within the rule announced in Compton v. Dannenbauer, 120 Tex. 14, 35 S.W.(2d) 682, 79 A. L. R. 1488, and Moore v. Davis (Tex. Com. App.) 27 S.W.(2d) 153, that where the writ is granted on some ground of jurisdiction embraced within the first five paragraphs of article 1728, Rev. Stat. 1925, as amended by Acts 1927, c. 144, § 1 (Vernon's Ann. Civ. St. art. 1728), the court will pass on all questions in the case, including those of admissibility of evidence.

Since the evidence excluded by the trial court and held admissible by the Court of Civil Appeals does not necessarily control the case nor present a question of substantive law or any other question which the statute gives the Supreme Court the power to review, the writ of error must be dismissed. Merchants' Cotton Oil Co. v. Acme Gin Co. (Tex. Sup.) 42 S.W.(2d) 777; Smith v. Butcher, 110 Tex. 617, 223 S. W. 166; Hartt v. Yturia Cattle Co. (Tex. Com. App.) 228 S. W. 551.

We recommend that the writ of error be dismissed.

CURETON, Chief Justice.

Writ of error dismissed as recommended by the Commission of Appeals.