## KIMBROW et al. v. FORT WORTH & DENVER CITY RY. CO.

### No. 4446.

Court of Civil Appeals of Texas. Amarillo.
July 1, 1935.

Rehearing Denied Oct. 7, 1935.

Allen C. Grundy, of Memphis, for appellants.

A. S. Moss, of Memphis, Morgan, Culton, Morgan & Britain, of Amarillo, and Thompson & Barwise, of Fort Worth, for appellee.

MARTIN, Justice.

Appellant for himself, and as next friend for his minor son, brought suit against appellee. His petition, after the formal allegations, alleges facts which in substance and effect show that his minor son was seriously injured while stealing a ride on one of appellee's freight trains; that said son and some companions were on a tank car and that appellee's conductor approached said tank car and "began ordering the said plaintiff and his aforesaid companions to get off the train, accompanying said order with violent, obscene and profane language and menacing and threatening gestures and demonstrations, greatly frightening the plaintiff and leading him to believe that the said conductor would inflict personal violence upon him if he did not get off said train, which caused him to lose his presence of mind and self-control and terrified him to such an extent as to cause him to believe that he could only save himself from bodily hurt by leaving the train"; that he "believed that the said conductor was preparing to inflict personal violence upon him or forcibly to eject him from the moving train and believed that if he remained where he was, that the said conductor would shove him from the train at a place in the middle of the car where he would have no means of avoiding injury in alighting"; that induced by such belief, he jumped from said moving train; "that said left foot was crushed and mangled by being run over by said wheel of said train and it was then necessary to amputate said foot save and except the heel thereof, and said foot was so amputated by a surgeon in the employ of the defendant." Plaintiff's petition contains the usual averments of negligence, proximate cause and damages.

The answer was a general denial and plea of contributory negligence.

The case was submitted to a jury on special issues. This case turns upon the construction to be given these. The controlling ones, with their respective answers, are:

"Special issue No. 3. Do you find from a preponderance of the evidence that while the defendant's freight train was at or near Lelia Lake at the time in question that the said conductor ever ordered the plaintiff Alton Kimbrow to get off of. the oil car in said train? Answer yes or no. Answer: Yes.

"Special issue No. 4. Do you find from a preponderance of the evidence that at the time the conductor ordered the plaintiff Alton Kimbrow to get off of said train, the conductor accompanied such order to get off with any threat of personal violence to the said Alton Kimbrow? Answer yes or no. Answer: Yes.

"Special issue No. 5. Do you find from a preponderance of the evidence that such threat of personal violence, if any, made to the plaintiff Alton Kimbrow, so terrified the said Alton Kimbrow as to cause him to lose his presence of mind and self-control to such an extent as to lead him to believe that he could only save himself from bodily hurt or injury by jumping or alighting from the said train? Answer yes or no. Answer: Yes.

"Special issue No. 6. Do you find from a preponderance of the evidence that the threat of personal violence, if any, made by the conductor to the said Alton Kimbrow at the time and place of the alleged injury was the proximate cause, as the term proximate cause is hereinbefore defined in paragraph 6 of this charge, of the injury sustained by said Alton Kimbrow? Answer yes or no. Answer: Yes.

"Special issue No. 7. Do you find from a preponderance of the evidence that after the conductor of the defendant's train had ordered the plaintiff Alton Kimbrow to get off of the oil car, if he did, that the said plaintiff Alton Kimbrow used ordinary care, as that term is defined in paragraph 5 of this charge, in alighting from said train? Answer yes or no. Answer: No.

"Special issue No. 8. Do you find from a preponderance of the evidence that the failure on the part of Alton Kimbrow to use ordinary care in getting off of the oil car, if he did, was a proximate cause of the injury? Answer yes or no. Answer: Yes.

"Special issue No. 9. What do you find from a preponderance of the evidence was the speed per hour that the freight train was travelling at the time the plaintiff Alton Kimbrow attempted to alight from the defendant's train, if he did? Answer giving the miles per hour. Answer: 7 or 8.

"Special issue No. 10. Do you find from a preponderance of the evidence that when plaintiff Alton Kimbrow got off of the oil car, if he did, the conductor by words and threats of personal violence ordered the plaintiff Alton Kimbrow to leave the oil car, if he did, such action on the part of the conductor was negligence as the term negligence is defined in paragraph 4 of this charge? Answer yes or no. Answer: Yes. * * *

"Special issue No. 11. Do you find from a preponderance of the evidence that such negligence, if any, on the part of the defendant's conductor was the proximate cause of the injury sustained by the plaintiff, as the term proximate cause is hereinbefore defined in paragraph 6 of this charge? Answer yes or no. Answer: Yes."

The jury further awarded $1,200 as damages to the son and $500 to the father.

Both parties filed motions for judgment on said findings. The court entered judgment for appellee, denying any recovery to appellant.

The judgment was apparently rendered below, and the case is presented here, upon the theory that it was the duty of appellant to have the issue of the willfulness of the conductor's actions and conduct submitted, and absent any finding of willful conduct, there was no proper basis for a judgment. Stated otherwise, are the findings above set out sufficient of themselves to authorize the rendition of a judgment for appellant, or should there have been an additional finding of willful or wanton conduct on the part of the conductor in charge of said train?

It is here vigorously argued that there must have been an element of willful wrong in the conduct alleged, proven, and presented for determination before liability could attach in favor of a trespasser.

Translated into its legal effect as a general charge, a recovery was authorized by said issues if appellee's conductor made threats of personal violence against appellant that so terrified him as to cause him to

lose his presence of mind and jump from the train, and if the jury further believed that such conduct was negligence and the proximate cause of his injuries. Thus construed, this charge substantially parallels general charges several times approved in the reasoning of our Supreme Court in cases not essentially different from the present one. G., C. & S. F. Ry. Co. v. Kirkbride, 79 Tex. 457, 15 S. W. 495; T. & P. Ry. Co. v. Mother, 5 Tex. Civ. App. 87, 24 S. W. 79, 80 (writ denied); Texas & N. O. Ry. Co. v. Buch, 101 Tex. 200, 105 S. W. 987.

Judge Head in the Mother Case, supra, has written one of the clearest opinions we have found, and since we believe it controls the disposition of this case, we quote it extensively:

"Joseph C. Mother, a youth about 17 years of age, was a trespasser upon one of defendant's freight trains, attempting to ride thereon without paying his fare, by concealing himself in one of the cars, in known violation of the rules of the company. At Pilot Point, one of the brakemen on said train, in the employ of defendant, by abusive and threatening language and gestures, caused Mother to attempt to leave the car he was in, while in motion, by crawling through a small window, called a 'cuddy hole,' in the end thereof, near the top, in doing which, he fell, and was run over by the car, and killed. * * *

"Appellant is liable in this case, if at all, not for the breach of any duty it owed to one rightfully upon its cars, but for the breach of that duty which every one owes to another,—even to a trespasser,—to avoid inflicting unnecessary injury. In Hutchinson on Carriers, § 553, the distinction is shown in the following language: 'The carrier is not under the same degree of obligation, as to care and diligence to guard against injuries to strangers, as he is in case of those against passengers. His duty to the former is governed by the general principle of law that every one is obliged, upon considerations of humanity and justice, to conform his conduct to the rights of others; and, in the prosecution of his lawful business, to use every reasonable precaution to avoid their injury. The contributory negligence of a trespasser, in being wrongfully upon the cars, would relieve the company from liability for negligence in failing to discover him in a perilous position; but after he is discov-

ered it would be required to use that reasonable care it owes, from considerations of humanity, to every one, to avoid inflicting personal injury upon him. Texas & P. Railway Co. v. Robinson [4 Tex. Civ. App. 121], 23 S. W. 433. Upon these grounds it has very generally been held that the company is liable if it uses unnecessary violence in expelling a trespasser from its cars, or compels him to leave while the train is in motion, by reason of which he is injured. * * * And under such circumstances we think it was bound to afford him an opportunity to leave the car without exposing him to unnecessary danger."

He then approves a general charge containing all the elements of the present one, except that the presence of contributory negligence is recognized as barring a recovery. However, in view of the findings in answer to special issues 5 and 6 above, it does not seem to be contended that such defense is available in this case to appellee. We quote: "Where one by his own wrongful act has so terrorized another that such other is thereby impelled to do an act resulting in his injury, the wrongdoer cannot shield himself from liability by showing that the person so terrorized did not act as a reasonably prudent person would have acted, under similiar circumstances. International & G. N. Railroad Co. v. Neff (recently decided by this court) [87 Tex. 303] 28 S. W. 283." T. & P. Ry. Co. v. Watkins et al., 88 Tex. 20, 29 S. W. 232, page 234. See, also, Panhandle & S. F. Ry. Co. v. Daldorf (Tex. Civ. App.) 266 S. W. 208.

We have found no case, and none has been cited by appellee, where a specific finding of willful conduct was held necessary as a basis for recovery. The cases cited by appellee are those where the sufficiency of the evidence was the question at issue, so far as our examination of these has gone. In this case, appellee filed no objection to the submission of any issue because of the insufficiency of the evidence, did not ask for the submission of a peremptory instruction, and filed no motion for a judgment non obstante veredicto because of lack of evidence. No statement of facts has been brought up, and we think the sole and only legal issue before this court is whether or not the above findings are sufficient to support a judgment for appellant. We hold they are, and required the entry of a judgment for him.

Appellee relies strongly upon the case of Bjornquist v. Boston & Albany R. R. Co., 185 Mass. 130, 70 N. E. 53, 102 Am. St. Rep. 332. The facts are similar to the instant one, but the force of this case as a precedent is weakened by its repudiation by the United States Circuit Court of Appeals. See Id., 250 F. 929, 935, 5 A. L. R. 951. certiorari denied Id., 248 U. S. 573, 39 S. Ct. 11, 63 L. Ed. 427. We quote from this case: "We think that, in view of the immature age of the plaintiff and the conduct of the trainman in going towards him and threatening to break his neck if he did not get off, it was for the jury to say whether the plaintiff's action, under the circumstances, was not due to restraint induced by fear rather than his own volition."

We quote further from our Supreme Court: "Where plaintiff, a boy 10 years old, was riding on the ladder of a freight car, and in response to orders and threats of a brakeman jumped off and was injured, the question whether the brakeman was negligent in frightening plaintiff so as to make him jump off was one for the jury." (Syllabi quotation.) Texas & N. O. R. Co. v. Buch, 101 Tex. 200, 105 S. W. 987.

We desire to say in conclusion that the jury's verdict, in our opinion, includes by necessary implication a finding of the element of willful wrong contended for by appellee. The jury in substance found that appellee's conductor by threats of personal violence so terrorized a youth as to cause him to lose his presence of mind and jump from a moving train, and that this was negligence and the proximate cause of his injury. This was the equivalent, we think, of all the appellee contends for, lacking only the use of the technical term "willful."

The judgment of the trial court is reversed and here rendered for appellant.

Reversed and rendered.

### On Motion for Rehearing.

In a lengthy motion for rehearing and written argument supporting same, our original opinion herein is vigorously assailed. Obviously, we cannot analyze and discuss every or any considerable number of a multitude of contentions, within the bounds of a reasonably brief opinion. Only appellee's controlling contentions will be noticed, and these briefly.

We copy literally from appellee's argument: "In the absence of a statement of facts, it must be assumed (a) that there was some independent issue not submitted to the jury, because of which, regardless of the answers to the submitted issues, the defendant was entitled to a judgment; or (b) that there was no testimony to support one of the submitted issues."

We concede the correctness of this contention under a different state of facts. In this case there was nothing in appellee's motion for judgment filed in the trial court which specifically refers to either of the two matters just copied. If the above two grounds existed, it was the duty of the appellee, in our opinion, to file a motion for judgment non obstante veredicto, setting these up. We quote:

"Moreover, the court cannot render judgment non obstante veredicto in the absence of a written motion requesting such rendition and reasonable notice to the opposite party. Parks v. Hines (Tex. Civ. App.) 68 S.W.(2d) 364. * * *

"Motion for judgment non obstante veredicto must apprise the court and opposing party of the grounds therefor, and must sufficiently disclose its nature." Amarillo Transfer & Storage Co. v. De Shong (Tex. Civ. App.) 82 S.W.(2d) 381, 385.

"Appellees contend, however, that, under the uncontroverted evidence, the court was authorized to render judgment for them non obstante veredicto, under article 2211, R. S. 1925, as amended by Acts 42d Leg. (1931) c. 77, p. 119 (Vernon's Ann. Civ. St. art. 2211). This contention cannot be sustained. The transcript contains no motion for a judgment non obstante veredicto, and the judgment itself recites that it was based on the verdict of the jury, not that it was rendered non obstante veredicto and in disregard of the jury findings. The amendment to article 2211 which authorizes such judgment expressly provides that such judgment is authorized 'upon motion and reasonable notice.' There is no showing in the record that this statute was complied with, which, under the decisions, is a necessary prerequisite to sustain it on that ground. St. Louis, B. & M. Ry. Co. v. Simmonds (Tex. Civ. App.) 50 S.W.(2d) 343; Coleman v. Rollo (Tex. Civ. App.) 50 S.W.(2d) 391; Parks v. Hines (Tex. Civ. App.) 68 S.W.(2d) 364, 370; 25 Tex. Jur., § 115, p. 502." Texas

Employers' Ins. Ass'n v. Horn (Tex. Civ. App.) 75 S.W.(2d) 301, 303.

The quotation from the Horn Case last cited expresses what we conceive to be substantially the condition of the present record. If the appellee had raised the question stated above by a proper motion and secured a judgment non obstante veredicto, its present legal position would have a sound basis. We recited the history of this part of the case in our original opinion to show only the legal issue below, and same was not, as seems to be contended by appellant, intended as implied findings against the trial court's judgment. This we concede could not legally be done, in the absence of a statement of facts. It seems plain to us that the amendment of 1931 (Acts 1931, c. 77, § 1) to art. 2211, R. S. 1925 (Vernon's Ann. Civ. St. art. 2211), becomes a vain and useless law, unless we follow the·interpretation herein given it. Its evident purpose was to clothe the trial court with power to render a judgment non obstante veredicto—a power it did not theretofore in general possess. 25 Tex. Jur. pp. 485 and 497. The exercise of such power was granted upon the express condition, and none other, that a motion for same be filed and reasonable notice given, provided a directed verdict would have been proper in the case. Absent such motion, the power to render a non obstante veredicto judgment is lacking. Appellant having failed to file said motion or question said findings below cannot here for the first time insist that the trial court had the power and did in fact render judgment which in legal effect is one non obstante veredicto.

■■ It is also contended that we held in effect that contributory negligence was not any defense to negligence. We did not so hold. Irrespective of a finding of the existence of negligence eo nomine, the appellants were entitled to judgment upon the answers of the jury to the special issues quoted in the original opinion, particularly said special issues Nos. 3, 4, 5, and 6. We quote: "Thus the doctrine of contributory negligence has no application in actions founded on intentional violence, or in actions founded on wrongful acts done purposely, or in malicious disregard of the rights of others, or upon acts exhibiting an indifference to the rights of others, and a reckless disregard of whether injury is done or not." 45 C. J. p. 982. The effect of the answers in response to special issues Nos. 3, 4, 5, and 6, supra, was to bring this case within the last-quoted rule. This also answers appellee's contention that there must have been a specific finding of a willful injury. There is no magic in the word "willful." The findings above sufficiently meet the requirements of the law though the term "willful" does not appear therein, and this regardless of a finding of negligence. The above findings were in response to appropriate pleadings, and not being attacked in any way in the trial court, and being used as a basis for a judgment, will here be presumed to be supported by evidence. In this case, there was a specific finding of negligence, but in view of the findings already quoted, a judgment need not be based on same, and hence the finding of contributory negligence might be disregarded, since it constitutes no defense to that part of appellants' cause of action mentioned above.

We used the word "youth" in our original opinion in speaking of one of the appellants. The record here goes no further than to show him a minor. This correction is made because of appellee's objection to the use of the word "youth," and to make this opinion reflect the facts.

■ Finally, it is insisted that special issue No. 5, supra, was defective; that the issue should have been in substance that "his sense of self control was affected to the extent that he could not act with ordinary care and prudence." Conceding without deciding the correctness of this view, issue No. 5 was not so defective as to amount to no submission. It was an attempted submission of a controlling fact issue to which appellee apparently made no objection below. Again we quote: "Notwithstanding the fact that the issue as submitted was improper in form, it was not so utterly defective as to be entirely immaterial and thereby authorize the court to ignore the same and to enter judgment contrary thereto. Harrell v. St. Louis & S. W. R. Co. (Tex. Com. App.) 222 S. W. 221; North v. Atlas Brick Co. (Tex. Com. App.) 13 S.W.(2d) 59, par. 3." Bell v. Henson (Tex. Civ. App.) 74 S.W.(2d) 455, 457.

Motion overruled.