## Morgan C. Hamilton v. James O. Rice.

Where the question of fraud, or notice, was the controlling issue in the case, and the jury found " for the defendant, on the account of fraud," it was held that the verdict was a general finding for the defendant of all the material facts well pleaded in the answer.

The particular objections made to testimony which is admitted, must appear from the bill of exceptions, and such only will be considered on appeal or writ of error.

Where from the nature of the action or defence, the party has notice that his adversary intends to charge him with the possession of the instrument, notice to produce it is unnecessary ; and this is an exception to the general rule, as well established as the rule itself.

Where the answer charges the plaintiff with the possession of the instrument, and is filed so short a time before trial as not to amount to timely notice to produce it, the plaintiff, if he desires to produce the instrument to avoid the introduction of secondary evidence of its contents, cannot object that the notice is too short, but may obtain a continuance, if taken by surprise.

Where a memorandum by which a witness refreshes his memory, does not sustain to his testimony the relation of primary evidence, it is not necessary to produce such memorandum in Court, and notes taken therefrom by the witness, may be used by him instead of the original memorandum.

Where the defendant employed a locator to locate and patent his headright, and after the location and survey, and before the field-notes were examined and recorded, the locator transferred his interest to the plaintiff, delivering the certificate and field-notes to him, and the latter suppressed the field-notes and caused the land to be surveyed and patented upon a certificate of his own, it was held that the plaintiff could not recover the land.

Appeal from Williamson. Action of trespass to try title, by appellant against appellee. Answer that in October, 1841, the defendant located and caused to be surveyed the premises in the plaintiff's petition mentioned, by virtue of the defendant's headright certificate, describing it ; that the field-notes were duly made out to be filed in the proper office ; that said location was never raised by him or by his authority ; but that the said M. C. Hamilton falsely and fraudulently possessed himself of the field-notes and certificate, and disconnected the same, and either concealed or destroyed the said field-notes,

and fraudulently kept and retained the possession of said land certificate for a long space of time, to-wit: for the space of two years, before delivering the same to this defendant, by which fraudulent acts of the said plaintiff this defendant was prevented from causing and obtaining a due and proper return of said location and survey to be made to the proper office, and was prevented from obtaining a patent to said land aforesaid; that after the said plaintiff had so fraudulently destroyed the evidence of the location of this defendant, he caused the said land to be located for himself, and upon such fraudulent location obtained a patent; wherefore, &c.

At the trial the plaintiff read in evidence a patent for the land in controversy to himself, dated February 23rd, 1849. The defendant then introduced evidence in support of his answer, a detail of which is not material to this report. The jury returned a verdict, " We, the jury, find for the defendant, on the account of fraud." Motion for new trial overruled.

It appeared from bills of exceptions, that the defendant offered in evidence a blank copy of the field-notes of the survey made for defendant, of the land in dispute; said copy having been made out by said Deputy Surveyor Wilbarger (witness on the stand) from recollection and from a memorandum or schedule of the bearings and distances of said survey, not produced in Court, to which said Deputy referred to refresh his recollection at the time of making said copy, after proving by him that the survey was made for defendant, as appeared from the copy; to the introduction of which plaintiff objected, 1st. Because the schedule of the bearings and distances of said survey, referred to by the witness, was not produced in Court. 2nd. Because said copy of field-notes was only the recollection of the witness reduced to writing. 3rd. Because said copy of field-notes was in blank, and not made by virtue of any certificate therein described.

Plaintiff then objected to all the testimony of said Wilbarger, introduced by the defendant, to show by his parol testi-

mony that the land in controversy was surveyed for the defendant and intended to be appropriated by virtue of defendant's said headright certificate, as irrelevant and inadmissible to establish such facts. All which objections were overruled and plaintiff excepted.

Defendant introduced M. Farley to prove that at the time he transferred his interest to the plaintiff, in a number of surveys made on Brushy Creek, he had the land in dispute surveyed for the defendant, and the witness informed plaintiff of his claim to this survey, said witness testifying that there was a written contract between himself and plaintiff, of said transfer. Plaintiff objected to the introduction of said testimony, on the ground that the terms of the said written contract could only be proved by producing the instrument itself; which objection being overruled, the plaintiff excepted.

It appeared from the statement of facts that notice to produce the field-notes of defendant's survey was served on plaintiff's attorney same day trial commenced.

*J. Hancock* and *E. Hendree,* for appellant.

*Webb & Oldham,* for appellee.

WHEELER, J. The verdict was general, for the defendant; and it necessarily includes the finding, in his favor, of every material fact well pleaded, touching his right to the relief sought. (Wells v. Barnett, 7 Tex. R. 584; Hardy v. DeLeon, 5 Id. 211; Smith v. Johnson, 8 Id. 418; 9 Id. 239, 361.) It was not necessary for the jury to express the ground of their finding, but their having done so does not vitiate their verdict.

It is insisted in argument for the appellee, that it was error in the Court to admit the testimony of the witness Wilbarger, to prove the field-notes of the survey made for the defendant, because timely notice was not given to the plaintiff to produce the original. It might suffice as an answer to the argument

upon this point, that this was not the objection, nor one of the objections, urged to the admission of the testimony of the witness in the Court below.  But had it been, it was not tenable. The notice was given to the attorney of the plaintiff on the day of the trial.  But whether it was merely notice, or whether any notice was given, is immaterial, for the reason, that the case is clearly within an exception to the rule, which requires notice to the party in possession of the original instrument to produce it, before secondary evidence will be received to prove its contents ; and no notice to produce the instrument was necessary.  The answer of the defendant charged the plaintiff with the possession of the original field-notes ; and he was thereby fully apprised that the defendant relied on proving their contents to make out his case.  And the rule is, that, where, from the nature of the action, the party has notice, that his adversary intends to charge him with the possession of the instrument, notice to produce it is unnecessary ; and this is an exception to the general rule as well established as the rule itself.  (1 Greenl. Ev. Sec. 561 ; Dean v. Border, *supra.*)  The answer appears to have been filed but the day before the trial. But if the plaintiff was surprised by it, and was not prepared to go to trial upon the issues presented by the allegations of the answer, he should have asked a continuance.  Having gone to trial upon the answer, he cannot object to the want of timely notice of the matters therein contained.

It was objected at the trial, and is now insisted, that the testimony of the witness was not admissible, because he referred to a memorandum made by him from recollection, which was not produced in Court.  He however did produce in Court a memorandum, or notes of his survey for the defendant, in the making out of which, it seems, he was assisted by other memoranda, not produced.  Where a written instrument is used only for the purpose of assisting the memory of the witness, "it "does not seem necessary (says Greenleaf) that the writing "should be produced in Court, though its absence may afford

"matter of observation to the jury ; for the witness, at last,
"testifies from his own recollection." (1 Greenl. Ev. Sec. 437.)
Here the witness produced in Court the memorandum used to
assist his memory ; and it could be no objection to his testi-
mony, that he had made other memoranda, at other times,
which were not produced.  Even if it were necessary, where
a witness uses a written instrument to assist his memory, that
it should be produced in Court, which, it seems, it is not—this
was not that case.  No written instrument was used, or refer-
red to by the witness, to assist his memory ; but only notes, or
memoranda of the survey made by himself.

The objection urged to the testimony of the witness, Farley,
is clearly not tenable.  It was not proposed, as the argument
assumes, to prove by his testimony, the contents of any written
agreement made between him and the plaintiff; but only that
the plaintiff had notice of the defendant's right.  There was
and is no pretence that there was any written evidence of such
notice.

There were various other objections to the admissibility of
evidence, taken by exceptions below ; but which have not been
relied on in argument here ; and are too manifestly devoid of
merit to require notice.

The charge of the Court was not unfavorable to the plaintiff.
In its application to the evidence, it is so manifestly correct,
in every particular, as not to require the support of argument
or authority or to admit of cavil.  Nor is it perceived that,
there was any error in the rulings of the Court upon instruc-
tions asked by the plaintiff, in any matter material to the case.
Rightly understood in reference to the evidence, and according
to its plain meaning, there is nothing in the charge of the
Court of which the plaintiff has cause to complain.

Comment upon the evidence in the case, is unnecessary.  If
the witnesses were entitled to credit, and of that the jury were
the judges—there cannot be a doubt that the evidence was
amply sufficient to warrant the verdict and judgment thereup-

on rendered by the Court. The testimony conduced to prove, if it did not conclusively establish, that the land had been located and surveyed for the defendant; that the certificate and field-notes were in the hands of the witness Farley; who was to obtain a patent for the defendant in consideration of services which the latter had rendered him; that these, with other certificates and field-notes of surveys in Farley's hands, and on which he was to perfect titles upon shares, were transferred by him to the plaintiff, who undertook to carry out the contracts between the owners of the certificates and Farley, in his stead, and to be substituted to his rights; that the plaintiff was informed by Farley that the defendant was to have his entire survey by the agreement and understanding between them; that notwithstanding this the plaintiff raised the defendant's location and survey upon his certificate; and caused to be located and surveyed another certificate in its place, on which he obtained a patent to himself. There can be no question that the legal consequence of such a state of case, is, that, in equity the right and title to the land is in the defendant. There may be reason to apprehend that the witness Farley was mistaken in his statement that the plaintiff had notice and information of the agreement between himself and the defendant; and that, the want of it in fact, was the real occasion which gave rise to this controversy. But of that, it was for the jury to judge; and there is nothing in the evidence, as presented by the record, which would warrant this Court in disturbing their verdict. We are of opinion that there is no error in the judgment, and it is affirmed.

Judgment affirmed.