394 Reliance Lumber Co. v. W. U. Tel. Co. [Galveston Term,

The two proceedings are so mingled that the relation of the sureties as parties to the cause commences with the date of its being docketed, and continues till a judgment is rendered against the plaintiff, or finally enforced against the claimant and his sureties. In our opinion they are parties to the cause in the sense of the term as used in our constitution and laws. It was intended that no judge should render a judgment either for or against himself, his clients, or his relations, within a certain degree. Had Justice Thompson entered the judgment provided by the statute in this cause, and which was in effect rendered by Justice Catlin, he would have entered it against a relation within the prohibited degrees, and subjected him to loss and damage. Had he entered it against the plaintiff, it would have been in favor of a relation, exonerating him from liability. It was the object of the constitution to place judicial officers beyond the temptation which such circumstances would throw in their way. A narrow or contracted construction of the term "party," which confines it to the very persons named on the docket as such, and excludes such as stand precisely in the same relation, would often defeat the end had in view, of having justice impartially administered free from the bias and influence produced by the interest held in the cause by the judge or his relations.

We hold that the surety in this case came within the term "party" as used in the constitution, and that the district court erred in dismissing the suit for want of jurisdiction and remanding it to the court of the magistrate with whom it was first filed. For this reason the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 26, 1883.]

RELIANCE LUMBER CO. v. THE W. U. TELEGRAPH CO.

(Case No. 1542.)

1. EVIDENCE — SECONDARY, WHEN ADMISSIBLE.— In a suit against a telegraph company for damages resulting from alleged failure to deliver a telegraph message intrusted to the company, parol evidence of the contents of the message may be resorted to by the plaintiff to establish the contents of the message, and this without the necessity of first giving the defendant notice to produce the written message.

2. SAME — NOTICE TO PRODUCE WRITTEN INSTRUMENT.— While, as a general rule, notice to produce a written instrument must be given to the party having it in his possession, before secondary evidence of its contents can be received, this rule does not apply in a case where the written instrument is the foundation of the action, and the party having custody of it must know from the very nature of the case that he is charged with its possession.

3. CASE DISCUSSED.— Western Union Tel. Co. *v.* Hopkins, 49 Ind., 227, discussed and disapproved.

4. CASES APPROVED.— Hamilton *v.* Rice, 15 Tex., 385, and Dean *v.* Border, 15 Tex., 299, approved.

5. DAMAGES.— Damages alleged to have resulted from a failure to deliver a telegram, on account of which failure plaintiff claimed that he had lost the speculative and prospective profits likely to have been made by him from the sale of lumber into which he would have converted logs of wood owned by him, cannot be recovered.

ERROR from Jefferson. Tried below before the Hon. W. H. Ford.

Suit instituted for damages by the Western Union Telegraph Co. Defendants answered by general demurrer, special demurrers, and general denial. The cause went to trial before a jury on the claim for damages for the amount of money paid to employees, the sum of $207.

The nature of the cause of action alleged was, that on or about October 25, 1879, plaintiffs were repairing their steam saw mill in Beaumont, Texas, and needed a certain amount of iron known as angle-iron, and wrote to Mr. Sam Watson, of the firm of J. S. Brown & Co., Galveston, to buy and forward to them. The exact kind could not be found, and Watson telegraphed to plaintiffs to that effect, and asked if another kind, describing it, would suit them; if so, to answer immediately; that the telegram was paid for in advance, but never forwarded to plaintiffs. Plaintiffs again wrote to Watson, who again telegraphed as before, paid for telegram, but it was never forwarded. This was October 30, 1879. Plaintiffs again wrote to Watson about the iron, and on November 8, 1879, Watson telegraphed to plaintiffs as before. This one was forwarded and received, and was as follows, namely:

"GALVESTON, November 8, 1879.

" *To Reliance Lumber Company, Beaumont, Texas:*

" On the 30th of October I telegraphed you, ' the only angle-iron in the city is three bars about forty-eight, size one and three-quarter inch.' I am waiting to know if you want that size and quantity. Please answer immediately.

(Signed)                                         " SAM WATSON."

The plaintiffs claimed that they were damaged in consequence of not receiving the telegrams of October 25th and of October 30th,

which were the same in substance as the one above; that they had to keep on hand and ready to work their principal employees; had no work for them to do till the iron was received; and claimed that they were delayed twelve days.

The defendants' exception to the above was overruled, and defendants excepted. The next claim of plaintiffs was for the profits they could have made during the time they were delayed. Defendants' exception sustained and plaintiffs excepted. The court directed the jury to find a verdict for defendants.

*Tom J. Russell*, for plaintiffs in error.

*Chas. Stewart*, for defendant in error.

I. The damages claimed for the profits that might have been made by sawing one hundred and twenty thousand feet of logs were speculative, and were not such damages as were incident to and caused by the breach of the contract, and may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract. Calvitt v. McFaddin, 13 Tex., 324; De la Zerda v. Korn, 25 Tex. Sup., 188; McCall v. The W. U. Tel. Co., Abbott's New Cases, vol. 9; W. U. Telegraph Co. v. Bertram & Moeller, Baldwin v. U. S. Telegraph Co., 45 N. Y., 744; Allen's Telegraph Cases, p. 613; Beaupre v. Pacific & Atlantic Tel. Co., 21 Minn., 155; Shields v. Washington Tel. Co., Allen's Tel. Cases, p. 5; Lane v. Montreal Tel. Co., Allen's Tel. Cases, p. 61; Stephenson v. Montreal Tel. Co., Allen's Tel. Cases, p. 71; Kinghorne v. Montreal Tel. Co., Allen's Tel. Cases, p. 98; Leonard v. N. Y. Tel. Co., 41 N. Y., 544; Dean v. Border, 15 Tex., 298, 299, 300; 1 Greenleaf on Ev., sec. 561.

II. Notice to produce the instrument is not alone sufficient to admit the party to give secondary evidence of its contents. He must prove the existence of the original, and show that the instrument is in the possession or under the control of the party required to produce it. See note to sec. 560, 1 Greenl. on Ev., p. 599.

III. Parol evidence was not admissible to prove the contents of the telegrams, and that the court below did right in excluding it. 1 Greenl. on Ev., sec. 560; Dikes v. Miller, 24 Tex., 422.

IV. The secondary evidence sought to be introduced was not admissible under any exception to the rule stated in this case.

WEST, ASSOCIATE JUSTICE.— This was an action for damages by plaintiffs in error against the defendant in error, based upon a failure of the defendant in error to perform its contract and agree-

ment to deliver to the plaintiffs in error two telegraphic messages, sent to them from Galveston by one Watson, who was connected with the hardware and iron house of J. S. Brown & Co. The plaintiffs in error set up the fact of the delivery of the two messages by Watson to defendant in error, and the payment by him of the charges for transmission, their receipt of them, and their failure to transmit and deliver them.

They allege the amount of damages sustained by them growing out of the failure of defendants to comply with their contract to deliver the two messages set out in the pleadings. These are composed of two items resulting from this failure on the part of defendant. The first, the actual expense and cost which resulted to them from the failure of the defendant to transmit the two messages, this failure involving an unnecessary delay of many days, at an expense to them for hire of hands, etc., amounting to about seventeen dollars ($17) per day. They also alleged that they then had about one hundred and twenty thousand (120,000) feet of pine logs on hand that they could have sawed at once but for the failure of defendant, and made on it, at the then price of lumber, two hundred and forty dollars ($240), and they allege this also as an item of damage.

The defendant filed a general demurrer, and also special exceptions to the plaintiffs' petition. One of these exceptions was directed against this last allegation of damages, embracing the loss of future profits, and this was sustained by the district court.

On the trial the plaintiffs offered the evidence of Watson, the sender of the two telegraphic dispatches set out in the pleadings, and on which the plaintiffs' action was based, for the purpose of proving, among other things, the contents of the two telegrams that were thus made the basis of the suit. To this evidence it was objected that the original telegrams were the best evidence of their contents, and that the plaintiffs having failed to give the defendant notice to produce them, secondary evidence of their contents was not admissible. This objection was sustained, the evidence excluded, and the jury directed to find a verdict for the defendant. The case is brought here on a writ of error, and the ruling of the court on the defendant's special exception to the petition, so far as it sought a recovery for the loss of the prospective profits to arise from the manufacture and sale of the one hundred and twenty thousand (120,000) feet of lumber that they could have manufactured from the pine logs on hand, is assigned as error. The exclusion of Watson's evidence is also assigned as error. Other errors were also

assigned, which, in the view we have taken of the case, need not be noticed.

The evidence offered as to the contents of the telegrams, which were set out in the pleadings, and made the basis of the plaintiffs' right to recover, was excluded by the court because it was secondary in its character, and no notice to produce the original telegrams had been given. Undoubtedly the best evidence of the contents of a written instrument consists in the actual production of the instrument itself, and the general rule is, that secondary evidence of its contents cannot be admitted until the non-production of the original has been satisfactorily accounted for. 1 Starkie on Evidence, marg. pp. 368, 369. Also, as a general rule, notice to produce must be given to the party having the written instrument in his possession, before secondary evidence can be resorted to. There are, however, well recognized exceptions to this rule, and notice to produce is always dispensed with, and secondary evidence allowed, when, from the very nature and character of the suit, the party must know that he is charged with the possession of the instrument. 1 Starkie on Evidence, marg. p. 403. In such a case, the reason for giving notice and the necessity for giving it cease. In this case the suit is based on two telegrams alleged by the pleadings to have been placed in the possession of the defendant by the witness Watson; their non-delivery in accordance with their contract to deliver is made the foundation of the suit. Their whole cause of action is bottomed upon the fact that the two written instruments under consideration passed into the possession of defendant under a contract on their part to transmit the contents to plaintiffs, and that they, contrary to their contract, kept the written instruments in their possession, and in violation of their duty withheld their contents from the plaintiffs.

In the last edition of his work on evidence, Mr. Wharton says: "Notice to produce is not necessary in respect to a document described in the pleadings as that on which the suit is brought; nor when, from any reason connected with the form of the suit, the party is bound to know that he is charged with the possession of the document, and will be required to bring it in court."

There is no doubt that the general rule above cited as to the production of original written instruments applies to contracts by telegram. The original message is the primary evidence, and when it is not set forth fully in the pleadings, or made the foundation of the cause of action, as in this case, it must be produced or its existence and loss accounted for, before secondary evidence can be used.

Whart. Ev., 2d ed., sec. 76; Whart. Ev., vol. 1, 2d ed., sec. 1128.

We have examined the subject with the assistance of such authorities as are accessible to us, and have found but one case in which the action was based on the telegrams where the original telegrams were required to be produced. In that case (West. Union Tel. Co. v. Hopkins, 49 Ind., 227) the point does not seem to have been pressed in the argument by counsel, or to have been much considered by the court, nor do the authorities cited in support of the position sustain the view taken.

We are also the less inclined to follow the rule there laid down, for the further reason that our own courts appear to have adopted a different and better rule in cases where the written instrument is set out in the pleadings and made the basis of a suit.

In Hamilton v. Rice, 15 Tex., 385, a similar question arose as to the introduction of secondary evidence to establish the contents of certain field notes of a survey, which from the pleadings appeared to be in the possession of one of the parties to the suit. On this point Judge Wheeler remarks: " But whether it was merely notice, or whether any notice was given, is immaterial, for the reason that the case is clearly within an exception to the rule which requires notice to the party in possession of the original instrument to produce it before secondary evidence will be received to prove its contents; and no notice to produce the instrument was necessary. The answer of the defendant charged the plaintiff with the possession of the original field notes; and he was thereby fully apprised that the defendant relied on proving their contents to make out his case. And the rule is, that where, from the nature of the action, the party has notice that his adversary intends to charge him with the possession of an instrument, notice to produce it is unnecessary; and this is an exception to the general rule as well established as the rule itself. 1 Greenl. Ev., sec. 561."

In Dean v. Border, 15 Tex., 299, the same learned judge, in speaking of the exceptions to the rule of giving notice to produce, mentions as the third exception to the rule the following: " And thirdly, where, from the nature of the action or pleadings, the party has notice that his adversary intends to charge him with the possession of the instrument."

Under the circumstances of this case as disclosed by the pleadings, the secondary evidence offered of the contents of the telegrams should have been permitted to go to the jury.

The exception to the plaintiffs' claim for damages, based on the

prospective and speculative profits likely to result to them from the sale of the boards which were to be manufactured from the one hundred and twenty thousand (120,000) feet of unsawed logs then on hand, was proper. The claim should be confined to the actual damages sustained.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.