## MRS. A. M. ELLIS v. JOHN E. SHARP ET AL.

### Decided February 8, 1899.

**Secondary Evidence—Written Instrument in Possession of Adversary.**

Secondary evidence of the contents of a written instrument shown to be in the possession of the adverse party is permitted, not only after due notice to produce, or where the nature of the suit is such as to charge such adversary with its possession, but also where the suit is founded upon a written instrument described in the pleading,—such suit, in itself, being sufficient notice that the contents of the instrument will be brought in question and that it should be produced.

APPEAL from County Court of Travis. Tried below before Hon. A. S. WALKER.

*Eugene Williams* and *West & Cochran,* for appellants.

*Fiset & Miller,* for appellee.

KEY, ASSOCIATE JUSTICE.—*Opinion on Motion for Rehearing.*—At a former sitting this court reversed and remanded this cause, holding that the trial court erred in permitting the plaintiffs to resort to secondary evidence to prove the terms of the written contract sued upon. After further consideration of the question on motion for rehearing, aided materially by the printed argument filed by appellee's counsel, we have reached the conclusion that our former decision was wrong, and that the ruling of the trial court was correct.

This suit is based upon a written contract, an alleged copy of which is

attached to the plaintiff's petition. It is true, the petition does not charge the defendant with possession of the original contract. However, at the trial it was proved by undisputed testimony that the original had been delivered to the defendant's agent, Cass Ellis, who acted for the defendant in reference to the subject matter of the contract.

After this proof was made, the plaintiffs' counsel gave notice to the defendants' counsel to produce the original, which was not done, the latter counsel explaining that upon the short notice given he was unable to produce the instrument.

While the general rule is that in order to introduce secondary evidence of the contents of a written document, shown to be in possession of the adverse party, timely notice to produce the same must be given, still there are exceptions to this rule. For instance, it has frequently been held in this State that such notice was not necessary when, from the very nature of the suit, the party must know that he is charged with the possession of the instrument. Dean v. Border, 15 Texas, 299; Hamilton v. Rice, 15 Texas, 385; Lumber Co. v. Tel. Co., 58 Texas, 394.

There are many decisions elsewhere which support this rule, but we do not consider this rule as covering the case under consideration. In the cases referred to, the pleadings of the parties offering secondary evidence of the contents of written instruments averred that the originals had gone into the possession of the adverse party. In this case there is nothing in the plaintiffs' petition charging the defendant with the possession of the instrument. There are other cases, however, which extend the rule further, and hold that when the plaintiff's suit is founded upon a written instrument described in his pleading, the suit itself is sufficient notice to the defendant to produce the original, if in his possession, although the petition does not charge him with possession of it. In such cases, it is held that the party in possession of the original instrument is charged by the nature of the suit with knowledge of the fact that the contents of the instrument will be brought in question, and that his adversary will offer testimony to prove such contents; and, such being the case, and the rule requiring notice having been adopted to prevent surprise, the reason for the rule requiring specific notice does not exist; and therefore the rule is not applicable. Knowing from the nature of the suit in such a case that the plaintiff will offer secondary evidence of the contents of a written instrument in his possession, it devolves upon the defendant, if he is not willing for such evidence to be used for that purpose, to bring the original instrument into court without being specially notified so to do. Dana v. Conant, 30 Vt., 246; Kellar v. Savage, 20 Me., 199; Nealley v. Greenough, 25 N. H., 325; McClain v. Hertzog, 6 Serg. & R., 154; Hooker v. Bank, 30 N. Y., 83; Howe v. Hall, 14 East., 274; Cummings v. McKinney, 4 Scam. (Ill.), 57; 1 Whart. on Ev., 3 ed., sec. 159.

It seems to us that there is quite as much reason in support of the rule announced by these authorities as there is in support of the rule dispens-

ing with notice, when the plaintiff's petition charges the defendant with possession of the instrument.

When the defendant has possession of an instrument of writing he is presumed to have knowledge of such fact, and when he is apprised by the nature of the plaintiff's action that the contents of the instrument will become a material question at the trial, it is as much his duty to produce it in the one instance as in the other.

The judgment heretofore rendered by this court will be set aside, and as the assignments of error presenting other questions do not point out a reversible error, the judgment of the court below will be affirmed.

*Motion granted. Judgment affirmed.*