DENMAN v. JAMES et al.  (No. 8245.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 23, 1915.  Rehearing Denied Nov. 27, 1915.)

1. SALES ⬥52—RESCISSION—RIGHT TO—EVIDENCE.

In an action to enforce a chattel mortgage on a stock of drugs, the last purchaser of the stock sought rescission on the ground that his seller had represented that there were no liens, when in fact the mortgage was existent and the owner of the premises in which the drugs were housed had a landlord's lien. *Held*, that a written instrument acknowledged before a notary public, in which the landlord declared he did not make any claim for rent for part of the period for which it was claimed he asserted a lien, tendered to the last purchaser, is inadmissible to show that such purchaser was not entitled to rescind, particularly where the landlord had intervened and was asserting his claim for rent, and the instrument was not tendered until after the purchaser had elected to rescind.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 118–144, 1045; Dec. Dig. ⬥52.]

2. APPEAL AND ERROR ⬥1050—REVIEW—HARMLESS ERROR.

In such case the admission of such evidence was prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4157, 4166; Dec. Dig. ⬥1050.]

3. APPEAL AND ERROR ⬥1177—DETERMINATION—REMAND.

In a suit to enforce a chattel mortgage on a stock of goods which had passed through several hands, where it did not appear from the general verdict against the last purchaser in favor of his immediate sellers whether the jury found against him on his plea of misrepresenta-

tions and fraud, or whether they found a ratification after his discovery of liens, the judgment, which was erroneous, should be reversed and remanded, instead of merely reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. ☞1177.]

4. EVIDENCE ☞370—ADMISSIBILITY—CHATTEL MORTGAGE—EFFECT OF RECORD.

A recorded chattel mortgage, having been declared on in the petition, need not be filed with the papers in court as a predicate for its admission; the statute having no application.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1538, 1559, 1560, 1562–1578, 1592; Dec. Dig. ☞370.]

5. EVIDENCE ☞370—DOCUMENTARY EVIDENCE—ADMISSIBILITY.

Under Rev. St. art. 3700, a recorded chattel mortgage is admissible in evidence without proof of execution by parol; the record taking the place of proof of execution, which was necessary at common law.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1538, 1559, 1560, 1562–1578, 1592; Dec. Dig. ☞370.]

6. EVIDENCE ☞179—PAROL EVIDENCE—ADMISSIBILITY.

Where the bill of sale, the terms of which were in controversy, was in possession of appellant's counsel, and it was not produced pursuant to notice, parol evidence of its terms is admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 595–599; Dec. Dig. ☞179.]

7. CHATTEL MORTGAGES ☞226—VALIDITY AS BETWEEN PARTIES.

Notwithstanding Vernon's Sayles' Ann. Civ. St. 1914, art. 3970, declaring mortgages of stocks of goods, wares, and merchandise exposed to sale to be fraudulent and void, a purchaser of the whole of a stock of goods, who assumed the seller's debt, cannot question the legality of the mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 471; Dec. Dig. ☞226.]

Appeal from Taylor County Court, E. M. Overshiner, Judge.

Action by Henry James against C. P. Stevens and others, in which L. E. Adrian and another intervened. From a judgment for plaintiff against all defendants, for the interveners, and for defendant Dudley over against defendant Denman, said Denman, whose cross-action had been denied, appeals. Affirmed as to all defendants except Denman, and reversed and remanded as to him.

Ben L. Cox, of Abilene, for appellant. Sayles, Sayles & Sayles, of Abilene, for appellees.

BUCK, J. This suit was filed in the county court of Taylor county by Henry James against C. P. Stevens, C. P. Beene, C. W. Dudley, and L. C. Denman, alleging that he had sold a stock of drugs and fixtures, at Trent, Tex., to defendant Stevens, who had executed in favor of plaintiff six notes, aggregating $500, and a chattel mortgage to secure the same on said stock of goods and fixtures; that said mortgage was duly filed for record in the office of the county clerk of Taylor county, prior to any conveyance by Stevens of said goods and fixtures. It was further alleged that said Beene had purchased said goods and fixtures from Stevens, and Dudley from Beene, and Denman from Dudley, each assuming, verbally and in writing, the payment of said notes and the satisfaction of said mortgage lien retained; that plaintiff was the legal owner of said notes and lien, and the indebtedness was due and unpaid. Plaintiff prayed for a personal judgment against each of the defendants, jointly and severally, and for a foreclosure of the mortgage lien, and for writ of possession.

Defendant L. C. Denman answered, demanding strict proof as to him of plaintiff's allegation of the assumption of the notes and lien, pleading the statute · of frauds as to said notes and lien, and further that his immediate grantor, C. W. Dudley, at the time of the negotiations between them leading up to the trade, had fraudulently represented to him that, except as to the notes held by James, there was no lien or incumbrance against the goods and fixtures, but that, having learned upon investigation of the landlord's lien held by L. E. Adrian, and having called said Dudley's attention to the matter, upon the latter's failure to pay off or satisfy the same, he (Denman) had rescinded the trade between him and Dudley and tendered back to Dudley the bill of sale covering the goods and fixtures, and that therefore he was not bound by any assumption alleged to have been made by him.

Dudley answered, and by way of cross-action prayed for judgment over against Denman for any amount that might be adjudged against him. Dudley admitted that Denman had offered back to him the bill of sale covering the goods and fixtures in question, which bill of sale he alleged he had declined to accept, but denied that Denman had made any tender to him of the mortgaged property conveyed thereby, or any proceeds of said property, and he further pleaded that, even though it should be held that Denman had tendered to him the property in question and the bill of sale thereto, he denied that there had been any fraudulent representations with reference to the matters alleged in Denman's answer, and he further alleged, after Denman had full knowledge of the existence of the landlord's lien, that said Denman continued in possession of the property traded to him, and exposed and offered the merchandise for sale, and in fact did sell some of said merchandise, thereby ratifying and affirming the trade between said Denman and Dudley, and waiving any right of damage arising therefrom.

L. E. Adrian, the owner of the premises in which the goods and fixtures were located, filed his plea of intervention, alleging a landlord's lien to secure the payment of $97 al-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

leged to be due for rent and asked for a foreclosure.

J. L. Stephenson also intervened, alleging that he was the clerk and employé in said store, and worked therein some 2½ months, and that for said services the defendants agreed to pay him the sum of $95, which amount was due and unpaid, and he prayed for judgment, and for a foreclosure of his laborer's lien.

Defendants Beene and Stevens failed to answer, and judgment was rendered against them by default.

The cause was tried before a jury, upon a general charge, the court, in brief, instructing the jury to find against all of the defendants, unless they found that Dudley had made false representations to Denman as to the value of the goods, Denman having pleaded that Dudley had grossly misrepresented the value of the goods, or as to their being free from liens and incumbrances other than the lien sued on, and that said representations were material to the trade between Dudley and Denman, etc., in which event they should find for Denman, unless they should further find that, after Denman had discovered the alleged fraud, he had exercised ownership and control over said stock of goods and fixtures, and traded and dealt with them as his own in a manner inconsistent with his intention to rescind the trade, or that he did not make his intention to rescind known to Dudley within a reasonable time, in which event the jury were instructed to find for the plaintiff.

The jury returned the following verdict: "We, the jury, find for the plaintiff against all of the defendants."

Upon this verdict the court rendered judgment in favor of plaintiff—first, against C. P. Stevens and C. P. Beene by default; second, also against C. W. Dudley and L. C. Denman, the four jointly and severally, in the sum of $603.90, with interest and costs of suit; third, in favor of intervener L. E. Adrian for $96.55, and in favor of John L. Stephenson in the sum of $95, against all of the defendants; fourth, in favor of Dudley against Denman for any sums of money which he might be required to pay out under this judgment; and, fifth, against L. C. Denman on his cross-action and affirmative pleading. Denman alone appeals.

[1] In his second assignment appellant urges error to the action of the court in admitting, over objection, a certain written instrument executed by L. E. Adrian, and duly acknowledged by him before a notary public and dated September 3, 1914, in which instrument said Adrian declared that he did not claim at the date of said instrument, and had never claimed, any lien on said stock for the rents for February and March, 1914, but that he looked personally and solely to Henry James and Dr. J. H. Warnick for the rent for said two months. This writing was admitted by the court in connection with the testimony of C. W. Dudley to the effect that upon complaint by Denman of the existence of the landlord's lien held by Adrian and the statement by Denman that unless the matter of the rents claimed by Adrian was cleared up within a week from the time of the conversation with regard thereto between Dudley and Denman, which took place some time in July, 1914, he (Dudley) had secured this waiver from Adrian and had tendered it to Denman, but that Denman had said that it was too late, that he had already rescinded the trade. Appellant objected to the introduction of this instrument in evidence, as shown by his bill of exception No. 2:

"For the reason that same is an ex parte affidavit and statement of intervener L. E. Adrian, and this defendant had no opportunity to cross-examine said Adrian on the matters contained therein; and said defendant objected to the introduction of said instrument in evidence for the further reason that same had not been filed among the papers in the case and this defendant had no notice thereof, and same is not in the form of a deposition; and defendant objected for the further reason that the said instrument was not the best evidence of matters contained therein, but that the witness Adrian himself should have been required to appear in person on the witness stand, it being shown that he was a resident of Taylor County, or else testify by deposition; and the defendant further objected to the introduction of said instrument in evidence for the reason that the same is immaterial and irrelevant, and throws no light upon the question in issue in this case, and for the further reason that same is contradictory of the pleadings filed by said intervener Adrian, wherein he claims a landlord's lien on the mortgaged property involved in this suit by reason of his owning the building in which same was contained; and the defendant further objected to the introduction of said instrument in evidence for the reason that same was not executed by intervener Adrian until September 3, 1914, and it was never tendered to this defendant until the 9th day of September, 1914, after he had rescinded his trade with defendant Dudley in July, 1914, and was therefore not binding upon defendant Denman for any purpose."

In a letter from Adrian to Denman, dated July 30, 1914, Adrian claimed as against Denman a balance of $66.77 for rent covering a period from October 1, 1913, to August 1, 1914, and stated that the balance due was made up of rent since May 26, 1914 (the date Beene sold out), and "back rent when Beene took charge." Thus it will be seen that the rent for the months of February and March, 1914, the waiver of which, so far as Denman and other defendants were concerned, is contained in the written instrument to the introduction of which the objection was made, was included in the statement furnished by Adrian to Denman. The existence of the debt to Adrian and the subsequent landlord's lien was one of the grounds urged by defendant Denman in his pleadings as a basis for the right of rescission of his part of the trade between him and Dudley, and was the particular cause assigned by him as a basis for such rescission in his conversation with Dudley occurring in July. If Denman had a right of rescission by reason of the alleged false representations made by

Dudley to him, and his pleadings and evidence would have authorized the jury so to find, and he had exercised that right in July, 1914, the subsequent tender by Dudley in the following September of this partial release or waiver of rents claimed by Adrian to be due would not have affected the rescission theretofore made by Denman. Adrian, as intervener, was a party plaintiff to this suit so far as Denman and the other defendants were concerned, and was seeking a judgment against Denman and other parties defendant, and we know of no rule of evidence that would make his written statement or affidavit admissible for the purpose of establishing his claim, or the claim of defendant Dudley over against appellant, or of affecting Denman's right of rescission, which, if exercised at all, had been exercised some two months prior to the execution of this instrument offered in evidence.

[2] We believe the court erred in admitting this instrument in evidence, and we are not prepared to say that such admission did not influence the jury in their verdict. For this error the judgment of the trial court must be reversed, in so far as the judgment against appellant is concerned.

[3] There is some question in our minds as to what should be the further disposition of this case, inasmuch as there seems to be practically no denial of the claim made by appellant that the defendant Dudley represented to him that there was no incumbrance or lien except the mortgage lien to secure plaintiff's debt; but inasmuch as there are some statements in Dudley's testimony which may be construed as a denial of appellant's claim that he (appellant) never exercised any right of ownership or control over the goods and fixtures involved subsequent to the time in July, when it is claimed that he rescinded the contract, we have concluded that perhaps we would not be justified in here rendering judgment in favor of appellant. From the general verdict, we are unable to determine whether the jury found against Denman's plea of misrepresentation and fraud, or whether they found, even though fraud had been perpetrated by Dudley, that after appellant had full knowledge thereof he affirmed the trade theretofore made by assuming the right of control and ownership and disposition. Denman testified that he did take a man up to Trent to look at the stock, but that it was done at the request of Dudley and the goods to be sold on Dudley's account. On the other hand, Dudley states that at no time after the trade did he exercise any right of control or ownership over the property involved. Thus, as to this matter, there seems to be a controversy.

[4] In view of another trial, it may be well to state that as against the objections urged we do not believe the court erred in admitting in evidence, without notice to the defendant, the original chattel mortgage executed by O. P. Stevens to Henry James, which mortgage was brought into court by the clerk having custody of the chattel mortgage record. The mortgage being declared upon in plaintiff's pleading, notice by filing with the papers in the court was not required as a predicate for its admission. Where the execution and delivery of a mortgage is proved, the original mortgage is admissible in evidence, though it was not filed before the trial and no notice was given, as required by the statute governing the use of instruments in evidence without proof of execution. Clayton v. Ingram, 107 S. W. 880.

[5] While, in the instant case, the execution of the chattel mortgage was not proven by parol, yet it is held in Hancock v. Tram Lbr. Co., 65 Tex. 225, that:

"The purpose of the provision of the statute first quoted (R. S. art. 2257, now incorporated in article 3700, R. S.) however, is not to give notice, but to establish a rule of evidence. Under that statute, if an instrument required or permitted by law to be recorded is acknowledged or proved for record and recorded as the law requires, upon compliance with the other provisions of the law, the original stands as though its execution was proved as at common law, unless an affidavit of forgery be filed."

See, also, Morris v. Moon, 120 S. W. 1063.

[6] Nor do we think that the court erred, as claimed in appellant's third assignment, in permitting the witness Dudley to testify over objection of appellant that the latter had assumed the payment of the notes and mortgage declared upon, inasmuch as the evidence tends strongly to show that the bill of sale alleged to contain the assumption was in possession of appellant's attorney at the time of the introduction of said testimony, and oral notice had been given appellant to produce said bill of sale, and Dudley had declared on the written assumption alleged to be therein contained. Lumber Co. v. Telegraph Co., 58 Tex. 394; Hamilton v. Rice, 15 Tex. 385.

[7] It is further urged in the fourth assignment that the court erred in foreclosing a mortgage lien upon the property described in plaintiff's petition, for the reason that the mortgage as pleaded and the instrument offered in evidence by plaintiff purported to cover a stock of drugs and merchandise which was exposed and offered for sale to the public, and which, under article 3970, Vernon's Sayles' Texas Civil Statutes, is fraudulent and void. The case of Continental State Bank of Beckville v. Trabue, 150 S. W. 209, decided by the Court of Appeals for the Sixth District, holds that this article is not applicable to a purchaser of the dealer's whole stock in trade, where the purchaser assumes payment of a debt which is a charge on the dealer's property, which holding was; in effect, affirmed by the Supreme Court by denial of writ of error. 154 S. W. xix.

As to other questions raised in appellant's brief, we do not believe they will probably arise in a subsequent trial, and therefore do

not deem that any good purpose could be subserved by a discussion thereof herein.

It is therefore the judgment of this court that the judgment of the trial court be affirmed as to all other defendants except Denman, and that the judgment as to Denman be reversed, and the cause remanded; and it is so ordered.

⬥⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes