## CITY OF SAN ANTONIO v. GRAYBURG OIL CO. (No. 7093.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 6, 1924. Rehearing Denied March 26, 1924.)

1. **Municipal corporations ⬥977—Payment of tax held involuntary and therefore recoverable.**

Evidence that a taxpayer paid, under protest, an illegal item of taxes to avoid accrual of a threatened penalty on the entire assessment, the collector having refused a check for the assessment less the illegal item, *held* to show an involuntary payment which was recoverable.

2. **Taxation ⬥541—Taxpayer is entitled to recover back illegal tax involuntarily paid.**

A taxpayer is entitled to recover back money paid involuntarily under an illegal assessment of taxes to avoid accrual of threatened penalty.

3. **Evidence ⬥161(1)—Rule as to when oral testimony of contents of written instrument admissible stated.**

Any written instrument is always the best evidence of its own recitals, and as a general rule oral testimony cannot be introduced of its contents unless the party, supposedly in possession of it, fails, after timely notice, to produce it, or it is shown to have been lost.

4. **Evidence ⬥163—In suit to recover back taxes paid oral evidence of contents of taxpayer's statement held admissible.**

In a suit to recover back an illegal item of taxes involuntarily paid, defendant city could not complain of oral testimony of the secretary of plaintiff corporation, as to items included in her written rendition statement, though not best evidence, and production of the instrument could have been compelled, since the city is presumably in possession, and the very nature of the suit was sufficient notice to produce it.

5. **Evidence ⬥158(16)—Oral evidence as to items included in taxpayer's statement held admissible under exception to best evidence rule.**

Under an exception to the best evidence rule, admitting oral testimony that certain personal property was rendered for taxation and a certain tax paid, testimony of the secretary of plaintiff corporation, suing to recover back an illegal item of taxes paid as to what properties were included in plaintiff's tax statement and as to the amount for which the property was rendered was properly admitted.

6. **Appeal and error ⬥1010(1)—Findings of fact of trial court supported by some evidence not disturbed.**

Findings of fact of trial court, if supported by some evidence, not disturbed, unless judgment amounts to substantial denial of justice.

Appeal from Bexar County Court for Civil Cases; McCollum Burnett, Judge.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by the Grayburg Oil Company against the City of San Antonio. Judgment for plaintiff, and defendant appeals. Affirmed.

Joseph Ryan and John P. Pfeiffer, of San Antonio, for appellant.

Victor Keller and Clifford H. Davis, of San Antonio, for appellee.

SMITH, J. In this cause the oil company brought suit against the city and recovered $247.50, alleged to have been involuntarily paid the city by the company, as taxes assessed in 1922, upon certain tank cars owned by the company, and maintained at the company's domicile in another town. It is shown, and apparently conceded, that the tax was improperly assessed and collected, and the only defense urged to the oil company's suit is that the tax was voluntarily paid and therefore is not recoverable.

[1, 2] The chief inquiry, then, is, Was the payment of the taxes voluntary or involuntary? The trial court found that the payment was involuntary and was made under protest, and we have concluded that the evidence warranted that finding. It was shown that, when the company sought to pay its taxes to the city for the year in question, it sent its check to the collector for the amount of the taxes assessed against it, less the item in question. The tax collector refused to receive this payment, demanding the entire amount assessed for all purposes, which aggregated about $2,000. The company was then confronted with the alternative of paying the questioned item, or defaulting in the payment of the entire amount, upon which the penalties provided by law would thereupon accrue at the rate of 2 per cent. a month. In such situation, and being required to act at once in order to avoid the accrual of the threatened penalty, the company paid the improperly assessed item, with the intention of subsequently taking such steps as would be necessary to recover the amount. The facts stated warranted the finding of the court that the taxes were paid involuntarily and under protest, and, the tax having been improperly assessed, the taxpayer is entitled to recover the amount thus paid. Galveston City Co. v. Galveston, 56 Tex. 486; City of Seguin v. Berman (Tex. Civ. App.) 205 S. W. 990, and authorities there cited. This conclusion disposes of appellant's first proposition and the assignment on which it is predicated.

[3, 4] Objection was made below to the testimony of the agent rendering the oil company's properties, as to what properties she had so rendered, and as to the amount for which the tank cars were rendered. The objection to this testimony was that the "best evidence of the written rendition for taxation and the value of the property as shown thereon being the rendition itself, such rendition should have been introduced in evidence and not the hearsay, self-serving declaration of" the witness who was the oil company's secretary. Of course it is true that any written instrument is always the best evidence of its own recitals, and the general rule prohibits the introduction of oral testimony of its contents, unless the party supposedly in possession of the instrument fails after timely notice to produce it, or it is shown to have been lost or destroyed. But there are exceptions to this rule. Here the city, of course, is presumably in possession of the written assessment, or rendition. When once executed and delivered to the assessor it became a public document, in the possession of the appropriate official, who has no authority to permit its removal from his custody except, of course, when lawfully required for some other public purpose. The taxpayer signing the rendition has no right to demand possession of it, and could not himself produce it in court, although by appropriate proceedings in a proper case he may compel its production through process. We think in such situation, if it be true, as appellant contends, that the document was essential to the establishment of the facts forming the foundation of the suit, then the very nature of the suit put the city upon notice to produce it, and, being in possession of it, and not having done so, it cannot complain of the oral testimony of the facts recited in it. Jones, Ev. § 223; Chamberlayne, Mod. Law Ev. § 3585; Lbr. Co. v. Tel. Co., 58 Tex. 394, 44 Am. Rep. 620; Ellis v. Sharp, 20 Tex. Civ. App. 482, 49 S. W. 409, and authorities there cited.

[5] It is also held, at least in some jurisdictions, and with apparent reason, that it is proper, and not in violation of the best evidence rule, that witnesses may testify orally to the facts that certain personal property was rendered for taxation, and that a certain tax has been paid, and under this exception the testimony here complained of was properly admitted. Jones, Ev. § 203, citing Hewitt v. State, 121 Ind. 245, 23 N. E. 83; Davis v. Hare, 32 Ark. 386.

[6] Complaint is made of the sufficiency of the evidence to support some of the findings of fact filed by the trial court. We have concluded, however, that the issues determined were supported by some evidence, which though meager, is deemed sufficient, leaving us without authority to disturb those findings. On a trial by the judge the same rule applies to his finding as to the verdict of a jury, and, unless the judgment amounts to a substantial denial of justice, which is assuredly not the case here, it should stand.

The judgment is affirmed.