## TORRES v. KANSAS CITY, M. & O. RY. CO. OF TEXAS.

### No. 7496.

Court of Civil Appeals of Texas. Austin.
Sept. 17, 1930.

Appellant's Motion for Rehearing Granted January 14, 1931.

Appellee's Motion for Rehearing Overruled Jan. 28, 1931.

J. W. Stovall, B. W. Smith, and R. G. Hughes, all of San Angelo, for appellant.

Terry, Cavin & Mills, of Galveston, and Collins, Jackson & Snodgrass, of San Angelo, for appellee.

McCLENDON, C. J.

Appeal from a judgment in favor of appellee upon a directed verdict in a suit for damages for personal injuries sustained as a result of appellant, a trespasser, being pushed off of a moving freight train of appellee by a brakeman.

This appeal presents two questions: First, whether the directed verdict was proper; and, second, whether the court properly excluded the testimony of two witnesses to the effect that under the printed rules of appellee it was within the scope of a brakeman's duties to eject trespassers from trains.

In this state, under the holding in International & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902, and numerous cases following it, it is not within the apparent scope of a brakeman's duties to eject trespassers from trains; this function falling within the general duties of the conductor, who has general charge of the train and its movements. Where the terms of the brakeman's employment or the rules of the carrier do not place this duty upon the brakeman, the carrier is not liable for his negligent act in ejecting a trespasser, unless the evidence shows that there was a practice or custom on railroads generally, or on the railroad in question, under which brakemen exercised this authority, the knowledge of which would be imputed to the railroad company. See Texas & P. Ry. Co. v. Mother, 5 Tex. Civ. App. 87, 24 S. W. 79 (error refused).

We have carefully read the entire statement of facts in this case, and we find no evidence of such custom or practice, and no evidence of authority in brakemen to eject trespassers. The trial court, therefore, correctly directed a verdict for the defendant.

The evidence excluded was by deposition, one of the witnesses testifying that he had printed rules at home and could produce them at the trial. No notice was given by appellant to the appellee to produce the printed rules and no other effort so far as the record reveals was made to obtain them. The evidence was objected to at the time it was of-

fered, but the objection overruled. After appellant had closed his case appellee renewed its objection to this testimony, and moved to strike it out. This motion was granted, and the ruling excepted to and assigned as error.

Clearly the ruling was correct, since the printed rules themselves, which formed the basis of the witnesses' testimony, were the best evidence, and parol evidence of their contents or effect was not admissible in the absence of a proper predicate for the admission of secondary evidence. Missouri Pac. Ry. Co. v. Lamothe, 76 Tex. 219, 13 S. W. 194; 22 C. J. p. 992.

The trial court's judgment is affirmed.

Affirmed.

On Motion for Rehearing by Appellant.

■ We have reached the conclusion that we were in error in holding that the trial court properly excluded the testimony of the two witnesses to the effect that under the printed rules of appellee it was within the scope of a brakeman's duty to eject trespassers from trains. The general rule stated in our opinion is correct. However, the issue presented in the instant case falls, we think, within the following well-established rule:

"Where the nature of the action or defense, or the form or contents of the pleadings, give notice to the adverse party that it is fairly incumbent upon him, in his own interest, to be prepared to produce a particular instrument or writing, no other notice to produce the instrument is necessary before introducing secondary evidence of its contents." 22 C. J. 1060, § 1360.

This rule has been repeatedly followed in this state; the following cases presenting its various applications; Hamilton v. Rice, 15 Tex. 382; Reliance Lumber Co. v. Telegraph Co., 58 Tex. 394, 44 Am. Rep. 620; Ellis v. Sharp, 20 Tex. Civ. App. 482, 49 S. W. 409; Harlan v. Harlan (Tex. Civ. App.) 125 S. W. 950; Givens v. Turner (Tex. Civ. App.) 225 S. W. 403; Curlee Co. v. Lowery (Tex. Civ. App.) 275 S. W. 730; Central State Bank v. First State Bank (Tex. Civ. App.) 276 S. W. 941 (error refused). See also 10 R. C. L. p. 920, § 79.

The gist of plaintiff's action was compensation for an injury inflicted by a brakeman of defendant. The petition alleged:

" * * * That in so acting and in making such assault said brakeman was acting for and on behalf of the defendant railway company and was acting in the course of his employment and while transacting the defendant's business."

The alleged fact that the brakeman was "acting in the course of his employment" was an essential element to recovery, and the terms of the employment, if in writing or represented by printed rules of defendant,

constituted one of the essential bases of plaintiff's suit; and while no express notice to produce was given, such notice we think was clearly implied under the above rule, which is thus stated in 10 R. C. L. 920:

."Notice to produce is always dispensed with, and secondary evidence allowed, when from the very nature and character of the suit the party must know that he is charged with the possession of the instrument. In such a case, the reason for giving notice and the necessity for giving it cease."

Furthermore, testimony excluded was by oral deposition taken some months before the trial, at which taking defendant was represented by counsel. Defendant was therefore cognizant of the testimony, and that it would be offered at the trial. It related to printed rules of the defendant for the government of its employees which necessarily must have been in its possession.

The following is from a note in 22 C. J. 1060:

"The object of requiring notice to produce an original document, before secondary evidence of its contents can be given, is to afford a sufficient opportunity to the opposite party to produce the writing and thereby secure, if he desires it, the best evidence of its contents, and is not to enable him to prepare evidence to explain or confirm the document. McDowell v. Ætna Ins. Co., 164 Mass. 444, 41 N. E. 665; Dwyer v. Collins, 7 Exch. 639; 12 Eng. L. & Eq. 532, 155 Reprint 1104; Carte v. Dennis, 5 Terr. L. 30, 21· CanLTOcc Notes 267."

The record clearly shows that such opportunity was afforded.

The motion for rehearing is granted, our former judgment is set aside, and the trial court's judgment is reversed and the cause remanded to that court for a new trial.

Motion granted.

Cause reversed and remanded.

On Motion for Rehearing by Appellee.

■ Appellee urges that the assignments of error are not sufficient to raise the issue upon which we held the trial court committed error in excluding the testimony of the two witnesses, the point being made that the assignments do not set forth the particular ground upon which our ruling is based. The assignments assert error on the part of the court in excluding the testimony, but do not specify any reasons why the testimony should have been admitted. As early as 1893 the Supreme Court laid down the rule that the purpose of the assignment of error is to point out with distinctness the particular ruling complained of, and that it is not necessary to give the reasons why the ruling is erroneous. Land Co. v. McClelland Bros., 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105. This has been the uniform ruling of the Supreme Court ever

since. It arises from a proper construction of Court of Civil Appeals Rule No. 24.

In so far as appellant's brief is concerned, which is criticized in the same regard, the following quotation from Medearis v. Granberry, 38 Tex. Civ. App. 187, 84 S. W. 1070, 1071, is apropos:

"A rigid enforcement of the rules in reference to the preparation of briefs would deprive the appellants of consideration of most of the assignments of error relied on for reversal; but as the record shows that they are so poor as to be compelled to resort to a pauper's oath in order to prosecute their appeal, this court has, in the exercise of its discretion, considered the questions presented. * * *"

The motion for rehearing is overruled.

Overruled.