

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

March 6, 1975

The Honorable M. L. Brockette
Commissioner of Education
Texas Education Agency
201 East Eleventh Street
Austin, Texas 78701

Opinion No. H- 548

Re: Whether a school district
may condition eligibility for a
homestead exemption for persons
65 and over upon a claim of the
exemption by a certain date.

Dear Commissioner Brockette:

You have requested our opinion regarding the construction of
certain aspects of article 8, section 1-b of the Texas Constitution, which
permits school districts and other political subdivisions to exempt not
less than $3000.00 of the assessed value of residence homesteads of
persons 65 years of age or older. Specifically, you ask:

> 1. Whether a resolution requiring that an appli-
> cant for the homestead exemption apply for and
> claim the exemption by April 30 of each year is
> valid.
>
> 2. Whether a person claiming the exemption
> must be at least 65 years of age on or before
> January 1 of the year in which he claims the
> exemption.
>
> 3. Whether, if the first question is answered
> in the negative, the school district must refund
> tax overpayments to persons who failed to apply
> for and claim the exemption on or before April
> 30.

p. 2461

4.   Whether, if the first question is answered
in the negative, a person may claim the exemption
at the time taxes are paid, i. e. , after January 31
of the year following the year such taxes became
due.

Article 8, section 1--b provides in part:

From and after January 1, 1973, the governing
body of any county, city, town, school district or
other political subdivision of the State may exempt
by its own action not less than Three Thousand
Dollars ($3,000) of the assessed value of residence
homesteads of married or unmarried persons sixty-
five (65) years of age or older, including those
living alone, from all ad valorem taxes thereafter
levied by the political subdivision. . . .

This provision is absolute in terms.  Once a political subdivision elects
to grant a homestead exemption for persons 65 years of age or older, at
least $3,000 of the assessed value of the subject property is exempt.   In
Attorney General Opinion H-309 (1974) we held that a person does not lose
this exemption by failure to claim it prior to the statutory rendition date.
See also, Attorney General Opinion O-6842 (1945).

We interpret these opinions to mean that once the homestead exemp-
tion has been granted, any subsequent action which operates to deprive a
taxpayer of the benefits of the exemption results, essentially, in the
taxation of exempt property.   The Legislature has no such power, Lower
Colorado River Authority v.  Chemical Bank and Trust Co. ,  190 S. W. 2d
48 (Tex. Sup. 1945), and in our opinion all political subdivisions are similarly
restricted.   An application of the foregoing analysis to the instant situation
is decisive of the question raised.   Were a political subdivision to penalize
a taxpayer by depriving him of the benefits of his exemption for failure to
claim it by a specified date, the result would necessarily be taxation of
exempt property.   It is therefore our opinion that while a political sub-
division may enact a cutoff date for administrative purposes, this date may
not operate to nullify the benefits of the homestead exemption.

Your second question concerns whether a person claiming the exemption must be at least 65 years of age on or before January 1 of the year for which he claims the exemption.  As we held in H-9 (1973), a person must have reached 65 years of age on or before January 1 of the tax year to qualify for the exemption, and we therefore answer your second question in the affirmative.

Your third question concerns whether refunds must be paid to eligible persons who paid their taxes without claiming the exemption within the specified time.  There are no statutory provisions governing refunds of ad valorem taxes paid but not owed.

The rules applicable in cases where taxes have been exacted and collected in violation of constitutional provisions, and where no statutes determine the matter of refunds, were laid down by the Texas Supreme Court in National Biscuit Co. v. State, 135 S. W. 2d 687 (Tex. 1940). They are:

> (1) a person who voluntarily pays an illegal tax has no claim for repayment;
> (2) a person paying an illegal tax under duress has a valid claim for repayment;
> (3) duress in the payment of an illegal tax may be either express or implied, and a legal duty to refund exists in both cases;
> (4) a taxpayer need not take the risk of incurring the threatened penalties or punishments while the invalidity of the tax is being litigated in order to claim duress; and
> (5) in the absence of a statute to the contrary, it is immaterial to the taxpayer's right of repayment whether or not the tax was paid under protest.

Although it has been concluded that the mere threat of becoming delinquent on an illegal ad valorem tax is insufficient to constitute duress entitling a taxpayer to a refund, [Attorney General Opinion O-6282(1945)], a different result has been reached where refusal to pay the illegal part of

the tax demanded would risk delinquency penalties on both the valid and invalid portions of the assessment, [City of San Antonio v. Grayburg Oil Co., 259 S.W. 985 (Tex. Civ. App. --San Antonio 1924, no writ)], or where imminent foreclosure is feared, [Galveston County v. Galveston Gas Company, 54 Tex. 287 (1881)].

"In determining whether taxes have been voluntarily paid, inquiry must be made into the intention of the parties at the time the money was paid." Galveston City Company v. City of Galveston, 56 Tex. 486, 492 (1882). If at that time there was a noncoerced willingness to pay on the part of the taxpayer, with full knowledge of the facts, then the payment cannot be said to have been involuntarily made, or made under compulsion, legal or moral.

Such inquiries involve disputed questions of fact which we are not equipped to resolve. But we note that coercions of an implied nature have been held sufficient to warrant refunds, State v. Connecticut General Life Insurance Co., 382 S.W.2d 745 (Tex. 1964); Crow v. City of Corpus Christi, 209 S.W.2d 922 (Tex. 1948), and that the concept of duress has expanded considerably since the time of its recognition as a common law doctrine. 21 Tex. Jur. 2d, Duress and Coercion, § 2. See also Attorney General Opinion WW-736 (1959).

Your fourth question concerns whether an exemption may be claimed at the time the taxpayer tenders payment on delinquent taxes, assuming the tender is made after January 31st of the year following the year in which taxes were due.

If property is exempt, it is not subject to tax. The attempted exaction or collection of an unconstitutional tax is illegal. National Biscuit Company v. State, supra. It follows that a demand for ad valorem taxes on exempt property by a school district with no right to exact them can be resisted at any time on grounds of illegality. Attorney General Opinion H-309 (1974).

## SUMMARY

While a political subdivision may choose a
date for administrative purposes by which a person

is to claim a homestead exemption under article 8, section 1-b of the Texas Constitution, failure to claim the exemption prior to such a date does not nullify the exemption.

Persons must be 65 years of age on or before January 1 of the tax year in order to qualify for the exemption.

Whether a school district must refund tax over-payments depends on the facts of each case.

An article 8, section 1-b exemption remains valid at the time of payment of taxes.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg